## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF VERMONT.

BENNINGTON COUNTY,
MANCHESTER FEBRUARY TERM, A. D. 1803.

*JONATHAN ROBINSON*, Chief Judge.
*ROYALL TYLER,* } *Assistant Judges.*
*STEPHEN JACOB,* }

---

STATE *against* ELIAS KITTLE, BENJAMIN SHER-
MAN, ASAPH LARRABEE, WANTON AYLS-
WORTH, and ARNOLD ALFORD.

THE defendants were indicted before the County
Court. The indictment contained *four* counts : the
three first for a riot, the fourth for a common assault
and battery. They went to trial in the lower Court,
and the Jury found them guilty only on the *fourth*
counts save one, and *appeal*, although on arraignment they plead *generally* not guilty,
the Court will not compel them to go to trial on those counts on which they had been
acquitted at the lower Court.

*When an indictment, which contains sundry counts, has been presented at the* County *Court,* *against several defendants, and they are acquitted on all the*

State
v.
Kittle et al.

count. They appealed to this Court, and now a question is made, whether the defendants, who had been arraigned and pleaded not guilty to the indictment, were held to defend on the three first counts in the indictment.

It is insisted for the State, that the *appeal* set the whole judgment afloat, and the defendants must be tried as if the indictment had been presented to this Court; that no injury can accrue to the defendants from a trial upon all the counts; for if they are innocent of the charges in the three first counts in the indictment, a trial upon them cannot injure.

For the defendants it was contended, that where a charge is single in an indictment, and indeed in every case where the accused is acquitted in the County Court, it has never been understood that the government had a right of appeal. In such cases it has been the uniform practice, since the existence of the government, for the defendant to go without day from the County Court. That it would be a strange perversion of this practice to oblige the defendants, who have been acquitted of the main charges of an indictment contained in several counts, if they chanced to be convicted of a trifling breach of the law counted upon in the same indictment in the lower Court, to be subjected, on appeal, to another trial upon those counts upon which they had been acquitted. It is said, if they are innocent no injury can happen to them. We consider it a serious injury. It certainly is a heavy expense, to be constrained to bring a great number of witnesses on the stand, many of them from a great distance to prove

our innocence. It certainly will operate a surprise upon the defendants, who, relying on known and established practice, have omitted to summon their witnesses as applicable to the three first counts in this indictment.

*Curia.* Let the respondents go to trial on the fourth count of the indictment only. The Court were not availed of their acquittal in the lower Court of the three first counts in the indictment, or they would have directed the clerk to arraign the defendants on the fourth count only. The clerk will rectify the entry.

*Richard Skinner*, State Attorney.
*Nathaniel Chipman* and *Daniel Chipman*, for defendants.