THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff in Error, *v.* ANDREW DOWLING, Defendant in Error.

Where, on the trial of an indictment containing different counts, there is a specific verdict of guilty on one count and the verdict is silent as to the other counts, it is equivalent to an acquittal on those counts, and a judgment on the verdict is as to them a bar to further prosecution.

Upon a reversal of the conviction the trial and conviction are not a bar to a new trial upon the count on which the verdict of guilty was rendered; but the reversal does not disturb the verdict of acquittal upon the other counts.

An indictment contained two counts, one charging burglary and larceny, the other the receiving of stolen goods with knowledge; there was no separate count for burglary or larceny. The prisoner's counsel, on trial, moved to strike out the count " for burglary " because of failure of proof; this was granted; he then moved to quash the count " for larceny," which was denied, the question of larceny was submitted to the jury without objection and the prisoner was convicted thereof. The conviction was reversed on writ of error and a *venire de novo* ordered. *Held*, that the effect of the decision upon the motion to strike out the count for burglary was simply to hold that the prisoner could not be convicted, on the evidence, of burglary, and to strike out so much of the count as charged that offense; that the new trial must be had upon the same indictment; but that upon the new trial the prisoner could only be tried for larceny.

The trial was had after the passage of the act of 1876 (chap. 182, Laws of 1876) declaring that persons jointly indicted shall be competent witnesses for each other. One L. who was jointly indicted with the prisoner was called as a witness on his behalf. His testimony was objected to and refused. *Held*, error.

Some of the stolen property was found in the prisoner's possession; he claimed that he purchased it, and offered to prove what was said as to the mode of obtaining the property at the time of the alleged purchase by the men of whom the alleged purchase was made. This was objected to and excluded. *Held*, error; that while not competent to prove that the alleged vendors came by the property in the mode asserted, it was relevant and competent upon the issue of guilty knowledge.

*Wills* v. *People* (3 Park. Cr. 473), *People* v. *Ranels* (id. 335), overruled.

The prosecution proved the finding at the house of the prisoner other goods than those named in the indictment, and there was testimony tending to prove that those other goods had been stolen and received with guilty knowledge. The prisoner offered to show, by his own testimony, that he purchased a part of these goods at L., and that he asked the persons of whom he bought them to go and look at and identify them. This was objected to and rejected. *Held*, that if the proof given by the prosecution was competent, such testimony was erroneously rejected; that the prisoner had the right to meet the evidence against him by testimony tending to show that he came by the property honestly.

The act of 1877 (chap. 167, Laws of 1877) in relation to criminal offenses committed on railroads, providing that for any crime or offense committed within this State· * ·* * * "in respect to any portion of the lading or freight of any railroad train or car," an indictment may be found and tried in any county through which the train or car shall have passed in the course of that trip, includes the offense of receiving with guilty knowledge goods stolen from a railroad train, and an indictment therefor may be found and tried in any county through which the train passed.

(Argued February 28, 1881; decided March 15, 1881.)

Error to the General Term of the Supreme Court, in the third judicial department, to review order made November 27, 1878, reversing a judgment and conviction of the defendant in error by the Court of General Sessions in and for the county of Schenectady, of the crime of grand larceny, and remitting the case for a new trial.

The defendant in error was jointly indicted with one Michael Dowling. The indictment contained two counts, one charging the accused with receiving certain goods stolen from the cars of the New York Central and Hudson River railroad, while being transported as freight on said road, with knowledge that they had been stolen. The second count charged the accused with burglariously entering a freight car on said road and steal-

ing therefrom certain goods which were being transported, as freight.

At the close of the evidence on the part of the prosecution the counsel for the prisoner moved "that the count in the indictment for burglary be stricken out" on the ground substantially of failure of proof; this motion was granted. Said counsel then moved "to quash the count in the indictment for larceny, upon the ground that there is no proof that the property was taken from the owner without his consent;" this motion was denied, and said counsel duly excepted. . Said counsel then moved to quash the count for receiving stolen goods, on the ground that the court had no jurisdiction to try it. This motion was denied and exception taken.

The further material facts appear sufficiently in the opinion.

*W. P. Goodelle* for plaintiff in error. The second count in the indictment is a compound count, and under it defendant could be convicted of either burglary or larceny, if the evidence warranted. (25 Gratt. 908; 3 Harring. 55; 7 Kans. 106; 14 Vt. 353; 14 Ind. 572; 2 Park. 123; 20 Pick. 356; 31 Me. 592; *Commonwealth* v. *Luck*, 20 Pick. 356.) If the action of the Court of Sessions simply had the effect of taking the question of burglary from the jury on the trial, then the indictment will stand before that court in the same condition as before the previous trial. (*Morris* v. *State*, 1 Blatchf. 37; *State* v. *Comrs.*, Riley's Law Cases, 273.)

*J. H. Clute* for defendant in error. No person can be convicted as a principal on an indictment charging him with being an accessory after the fact. (2 Arch. P. & Pl. 370, note; *State* v. *Hogan*, R. M. Charlt. 474; *Commonwealth* v. *Barry*, 116 Mass.) The court erred in excluding the declarations of the prisoner, offered in evidence. (*Durant* v. *People*, 13 Mich. 351.) The prisoner was a competent witness, and he could swear to the transaction as well as any other witness, on the question of receiving stolen goods knowing them to have been stolen. (*Wills & Conley* v. *People*, 5 Park. Cr. 499.)

FOLGER, Ch. J.   We think that the ground for the reversal
of the judgment, stated in the opinion at General Term, is too
close.   It rests finally upon the motion of the prisoner's coun-
sel to strike out the count in the indictment for burglary and
the granting of the motion by the court, and the striking from
the indictment a count for burglary.   What this motion meant
and what it was understood to mean by the court, and what
the granting of it was understood by court and counsel to mean,
and what the striking out of a count meant, is shown by the
next sentence in the error-book.   There the prisoner's counsel
moves to quash the count in the indictment for larceny, which
motion the court denied, thinking that there was proof enough
to go to the jury on the taking from the cars.   Now, there was
not in the indictment a single and simple count for burglary,
nor was there a single and simple count for larceny.   That
count in the indictment that charged a burglary, the same
count charged a larceny, and *vice versa*.   If the motion made
to strike out the count for burglary meant to ask for a striking
out of the whole count that charged burglary and larceny, why,
when the motion was granted, did counsel at once move to
quash the count for larceny?   And why did the court hear to
the motion but deny it?   If the striking out of the count for
burglary took out the whole of the count in which burglary
was charged, there was left no count for larceny to be the sub-
ject of a motion to quash.   The motion to quash the count for
larceny recognized that there was a count there to quash.   But
it was not there, unless it was in the count for burglary and
larceny.   Now, if the striking out a count for burglary struck
out the count for burglary and larceny, the retaining the count
for larceny and making it the subject of a motion to quash re-
tained the count for burglary and larceny.   Besides, to ask to
strike from the indictment the count for burglary was to ask
to strike out what was not there, for there was no single and
simple count for burglary in the indictment; and to grant the
motion was to grant what could not be done, and to strike it
out was to strike out nothing.   To be as technical as is the
position of the defendant in error, there was no count for bur-

glary in the indictment; and to make and grant a motion to strike out a count for burglary was to do a vain thing. A count for burglary is one that charges a breaking and entering with a specified felonious intent, and stops there. When a count goes farther, and after charging a breaking and entering with a felonious intent also charges the doing of that which was the intent in the breaking in, it becomes a count different from one for burglary simply; as, if the intent charged is to steal, take and carry away certain goods there being, and the *asportavit* is also charged, it becomes a count for burglary and larceny. When, then, the court said, Strike out the count in the indictment for burglary, it cannot be held, in strictness, to have said, Strike out the count for burglary and larceny, for that the latter is a thing which the language of the court did not take hold of. We are at liberty, then, as there was not that in the indictment upon which the court could do that which its language, strictly taken, would show it did, to seek just what the court meant to do, and just what it did, by language that can have no literal application to the indictment. From the fact of the next step in the case being the motion to quash the count in the indictment for larceny, entertained but denied by the court, and from the fact that the court charged the jury at some length on the matter of the larceny alleged, and that the counsel for the prisoner took no exception to the charge in this particular, it is plain that the court and the counsel deemed that the plaintiff in error was on trial for larceny, from the commencement until the jury gave their verdict. And we think that what was meant, and what was done at the trial, was no more than to hold that the prisoner could not, on the evidence, be convicted of burglary, and that the only charges for the consideration of the jury were that of receiving stolen goods, knowing them to be stolen, and that of larceny of the goods.

Therefore, while we have, for other reasons, concluded to affirm, in effect, the judgment of the General Term reversing the conviction, and ordering a *venire de novo*, we hold that the indictment has not been affected, and that the new trial, if any

there is, must be had upon the same indictment as it was presented by the grand jury, with a limitation soon to be expressed herein.

But there is another question, arising under the inexact verdict of the jury. By it, the prisoner was found guilty of larceny. It made no mention of the count for receiving stolen goods, nor of the charge of burglary contained in the count for burglary and larceny. Being silent as to those, while it found specifically upon the charge of larceny, it was equivalent to a verdict of acquittal on the count for receiving, and of the charge of burglary (*Guenther* v. *The People*, 24 N. Y. 100); and where on a trial on an indictment of different counts, there is a specific verdict of guilty on one count, and the verdict is silent as to the other counts, and there is a conviction on the verdict of guilty, it is a bar to further prosecution on the counts on which the verdict is silent. (Id.) So much is settled in this State. Yet there is a further question. The prisoner has brought his writ of error, the General Term have reversed the conviction, and in effect have set aside the verdict of guilty, and this court so far affirms the judgment of the General Term. Clearly that trial and conviction are not now a bar to a subsequent trial for larceny. " No case is cited where, the verdict of guilty having been set aside on the motion of the defendant, it has been held a bar to a new trial." (*United States* v. *Keen*, 1 McLean, 435.)

But the reversal of the conviction does not disturb the verdict of acquittal. It is like a case of several defendants, some of whom are acquitted and some found guilty on the trial. The court may grant a new trial as to those convicted, without being forced to set aside the entire verdict. (Tidd's Pr. 820; *Rex* v. *Mawbey*, 6 T. R. 619.)

The matter at the bottom is the constitutional provision that " No person shall be subject to be twice put in jeopardy for the same offense " (Const. of N. Y., art. 1, § 6), and yet new trials are granted in criminal cases on the motion of the accused, and if he gets a new trial he is thus subject to be twice put in jeopardy. This is done on the ground, that by asking for a correction of errors made on the first trial, he does waive his

constitutional protection, and does himself ask for a new trial, though it bring him twice in jeopardy. But that waiver, unless it be expressly of the benefit of the verdict of acquittal, goes no further than the accused himself extends it. His application for a correction of the verdict is not to be taken as more extensive than his needs. He asks a correction of so much of the judgment as convicted him of guilt. He is not to be supposed to ask correction or reversal of so much of it as acquitted him of offense. He, therefore, waives his privilege as to one, and keeps it as to the other. It is upon this principle, that where, by a verdict of guilty on one count or for one offense, and an acquittal on or for another, there has been a partial conviction on an indictment, and on writ of error there has been a reversal of the conviction, the acquittal still stands good, and is, as to that count or offense, a bar. As to that, the plea of *autrefois acquit* can be upheld, though the plea of *autrefois convict* cannot be upheld as to the offense of which the verdict was guilty. The waiver is construed to extend only to the precise thing concerning which the relief is sought. We do not find any decisions in this court on this question, other than as we have above cited. They exist in profusion in other States, and *Campbell* v. *The State* (9 Yerg. 333) and *State* v. *Kittle* (2 Tyler, 471) seem in point. Our opinion is, that on the new trial that is ordered, the prisoner cannot be tried, save for the offense of larceny.

We are of the opinion that there was error in refusing the testimony of Myron Dowling, though he stood jointly indicted with the defendant in error. The act of 1876 (Laws of that year, p. 163, chap. 182, § 1) declares that all persons jointly indicted shall, upon the trial of either, be competent witnesses for each other, the same as if not included in the same indictment. The trial took place in 1878, and as the statute changed a rule of evidence, and gave competency as a witness to a person who might not have been competent before, it was applicable to this case and should have been observed. No statute or rule preventing the application of it has been brought to our notice. It is probable that the statute was not brought to

the attention of the Sessions, and being comparatively new, was not noticed.

The defendant in error offered to prove what was said, as to the mode of obtaining the property, by the men of whom he alleged that he bought it, at the time of the alleged purchase. It was doubtless hearsay, and was not competent testimony to prove that the alleged vendors came by the property in the mode asserted. But as it was competent for the defendant to prove the acts by which the goods came into his possession, if he was able to, it was competent to prove all pertinent sayings and doings that then were made and done, as relevant upon the issue of guilty knowledge. It was competent. It was for the jury still to say whether it was of weight in showing the prisoner innocent in the transaction, if they found that the transaction took place as he testified. (*Rex* v. *Whitehead*, 1 Carr. & Payne, 67 ; *Powell* v. *Harper*, 5 id. 590 ; *Hayslep* v. *Gymer*, 1 Ad & Ell. 162.) The cases to the contrary, cited from 3 Park. Cr. ·(*Wills* v. *People*, 473, and *The People* v. *Rando*, 335), were doubtingly decided. On principle, such evidence must be competent. It is the rule, generally speaking, that declarations accompanying acts are admissible in evidence as showing the nature, character and object of such acts. (1 Stark. Ev. 51, 87.) The direct proof of knowledge of the larceny, is not needed to convict of receiving stolen goods with guilty knowledge. That knowledge may be gathered from the circumstances of the case, of which one is the buying the goods at an under valuation. (1 Hal. 619 ; 2 East's P. C., chap. 16, § 153, p. 765.) If the circumstances of the case and such buying are proof tending to show guilty knowledge, then whatever that is relevant, that was said at the time of the buying, is a part of the *res gestæ*, and competent to explain the act. And see *Reg.* v. *Wood* (1 F. & F. 497; 1 Phil. Ev. 234 [7th ed.]). Of course, the jury are not bound to believe either that the statements, if made, were true, or that the prisoner believed them to be true and was moved by them, or that they were in fact made to him. Like all other testimony, it is to

be given to them for what it is worth, and it is for them to give to it the value it deserves.

On the trial, the people proved the finding, at the house of the prisoner, other goods than those named in the indictment; and there was testimony tending to prove that those other goods had also been stolen, and received with guilty knowledge. The prisoner offered to show, by his own testimony, that he purchased a part of those goods in Schenectady, and that he asked the persons of whom he bought them to go look at them and identify them. The offer was rejected and exception taken. If the proof on the part of the people was competent and relevant, the offer of the prisoner should not have been rejected. But a party has not the right to give immaterial evidence because his adversary has done so before him. It is needed then to seek whether the people had the right to prove the finding of other goods. As a general rule, on the trial for one offense, proof is not admissible that the accused has committed another, though it be of the same kind. There are exceptions, when guilty knowledge is a part of the crime; as where all the property made the subject of the proof has been stolen from the same person, and delivered to the receiver by the same thief, though at different times, and there is such a connection of circumstances as furnishes a natural inference that, if he knew that one piece of it was stolen, he must have known that every piece was. (*Coleman* v. *The People*, 55 N. Y. 81, 91, and cases cited; *Reg.* v. *Nicholls*, 1 F. & F. 51.) If the proof as to other property came up to this requirement, it was competent, and then the prisoner had a right to repel it, by testimony tending to show that he came by the property honestly. We do not analyze the testimony given by the people, to see whether it came up to that requirement, as what we had said gives the rule for the new trial which we shall order.

Another point was made on the trial which it is well enough to consider, as it may come up incidentally on the new trial. One count in the indictment was for receiving stolen goods knowing them to be stolen. The indictment was found and

the trial had in Schenectady county. The testimony showed the finding of the goods in the possession of the prisoner in Albany county. It is claimed that, if he was guilty of the offense, it was one local in its character, and triable only in Albany county. To this the statute is set up. (Laws of 1877, p. 179, chap. 167, § 1.) That provides that, when any crime or offense shall have been committed in respect to any portion of the freight of any railroad train making a trip on a railroad in this State, an indictment for the same may be found in any county through which such train shall have passed in the course of the same trip, and may be tried in such county as well as in the county in which the offense was committed. This law was enacted before the finding of the indictment, and before the commission of the offense by the prisoner, if he did offend.

All the facts to bring the case within the statute are plainly shown, and the meaning of the statute is clear enough, except that which is involved in the phrases, "any crime or offense," "in respect to any portion of the lading or freight." Nor is it hard to get the meaning of that. "Any crime or offense" means any already known to the law. The receiving of stolen goods with guilty knowledge is such. An offense is committed in respect to freight, when it, wrongfully and injuriously to the owner or lawful custodian, affects that freight.

The wrongfully taking it and carrying it away from such owner or custodian does so affect it, and the receiving it with guilty knowledge of such a wrongful taking does also so affect it. The language of the statute is not technical nor precise. The word "respect" in it is not used with a clear notion of its primary or its acquired meaning. Yet it is plain that the legislature meant any offense, which in the doing of it, acted upon the freight as the subject of the commission of the offense. To receive the freight after it had been stolen, with guilty knowledge, was such an offense. The legislature did not declare or define an offense not before known to the law. It permitted a place of trial of known offenses elsewhere than was lawful before the passage of the act.

It was in the power of the legislature so to do. We are of

the opinion that the indictment was legally found in Schenectady county and the prisoner was legally tried upon it there.

The order of the General Term should be affirmed and a *venire de novo* be ordered, on the count in the indictment charging larceny. ●

All concur, except Miller, J., who held that the count for burglary and larceny was stricken out, and that the General Term was right.

Ordered accordingly.