## THE STATE, *Appellant*, v. DAVIS.

DIVISION TWO.

1. **Constitution**: PROTECTION AGAINST SEIZURE OF PRIVATE PAPERS. The constitutional provision, "that no person shall be compelled to testify against himself in a criminal case," prohibits the seizure of one's private books and papers in order to obtain evidence against him.

2. ——: ——: DRUGGIST'S PRESCRIPTION. Such protection does not, however, extend to prescriptions required to be preserved by druggists and pharmacists under Revised Statutes, 1889, section 4622.

*Appeal from Daviess Circuit Court.*—HON. C. H. S. GOODMAN, Judge.

REVERSED AND REMANDED.

*John M. Wood,* Attorney General, and *G. A. Chapman,* for the State.

(1) The indictment charges the offense in the language of the statute, and is sufficient. R. S. 1889, sec. 4622; 95 Mo. 389. (2) Section 4622 of Revised Statutes, 1889, is constitutional. In the same section the druggist and pharmacist is required to preserve all prescriptions compounded by him; in other words, the druggist and pharmacist is licensed or commissioned

by the state, and, after being so licensed or commissioned, the same power that licenses or commissions him also requires him to preserve all prescriptions compounded by him ; that is, he must keep a record of his official acts, so to speak.   These prescriptions or public records do not belong to the druggists ; they are the property of the state, and when the state calls for these prescriptions or public records they should be produced.   ( 3 )  We fail to see wherein the production of the prescriptions would furnish evidence against the defendant.   If this be the case then any officer or agent might refuse to make a report upon the same ground. The statute is not violative of any provision of the fundamental law.   *Ex parte Buskett*, 106 Mo. 602.

*W. D. Hamilton* for respondent.

( 1 )  Defendant cannot be compelled to be a witness or furnish evidence to  convict himself.   Section 4622 under which defendant is indicted is, therefore, unconstitutional and void for the reason that it compels. defendant  to  produce   evidence  to  convict  himself. Const. Mo., art. 2, sec. 23 ; Amendment to Const. U. S., art. 5.  ( 2 )  A witness is not bound to answer when his answer may disclose a fact which forms a. necessary and essential link in the chain of testimony sufficient to convict him of crime, and of this he is to be the judge.   *State v. Ward*, 2 Mo. 120 ; *State v. Marshall*, 36 Mo. 400 ; *State v. Talbott*, 73 Mo. 347 ; 1 Greenl. Ev., sec. 451 ; 1 Burr's Trial, p. 244 ; Wharton on Criminal Law, pp. 372, 373, 374, 375.  Said indictment is defective for the further reason that it does not allege the object and purpose for which the prescriptions were to be produced before said grand jury.

MACFARLANE, J.—This case comes to this court on the appeal of the state from a judgment of the circuit

court of Daviess county, sustaining a demurrer to the indictment.

Defendant was indicted as a druggist and pharmacist, under section 4622, for refusing to produce, before the grand jury of the county, the prescriptions filled by him during the previous year, when lawfully summoned to do so. A demurrer to this indictment was sustained on the ground that said section, in requiring defendant to produce the prescriptions before the grand jury, was in conflict with section 23 of the bill of rights under the constitution of this state, and the fifth amendment to the constitution of the United States, in that it required him to furnish evidence against himself.

Section 4621, Revised Statutes, 1889, prohibits druggists, or proprietors of drug stores or pharmacists from selling intoxicating liquors, in less quantities than four gallons, except on a written prescription, dated and signed, first had and obtained from some regularly registered and practicing physician, and then only when such physician shall state in such prescription the name of the person for whom the same is prescribed, and that such intoxicating liquor is prescribed as a necessary remedy.

Section 4622 is as follows: "Every druggist, proprietor of a drug store or pharmacist shall carefully preserve all prescriptions compounded by him or those in his employ, numbering, dating and filing them in the order in which they are compounded, and shall produce the same in court or before any grand jury, whenever thereto lawfully required, and, on failing, neglecting or refusing so to do, shall be deemed guilty of a misdemeanor, and on conviction shall be punished by a fine not less than $50 nor more than $100."

The terms of section 23, of article 2, of our state constitution, "that no person shall be compelled to testify against himself in a criminal cause," has uniformly received from the courts a construction which would give to the citizen protection as broad as that

afforded under the common-law principle from which they were derived. Lord CAMDEN, as early as 1762, in his celebrated opinion in case of *Entick v. Carrington*, 19 Howell's State Trials, 1029, in speaking of the right of search and seizure of private books and papers, uses this language: "Papers are the owner's goods and chattels; they are his dearest property; and are so far from enduring a seizure that they will hardly bear an inspection; and, though the eye cannot by the laws of England be guilty of a trespass, yet, where private papers are removed and carried away, the secret nature of those goods will be an aggravation of the trespass, and demand more considerable damages in that respect. Where is the written law that gives any magistrate such a power? I can safely answer, there is none; and, therefore, it is too much for us, without such authority, to pronounce a practice legal which would be subversive of all the comforts of society."

Mr. Justice BRADLEY, in *Boyd v. United States*, 116 U. S. 616, pronounces this opinion of Lord CAMDEN as being one of the permanent monuments of the English constitution, and in approval of the principles therein announced says: "Breaking into a house, and opening boxes and drawers are circumstances of aggravation; but any forcible and compulsory extortion of a man's own testimony, or of his private papers, to be used as evidence to convict him of crime, or to forfeit his goods, is within the condemnation of that judgment." And, again, on page 633, he says: "And we have been unable to perceive that the seizure of a man's private books and papers to be used in evidence against him is substantially different from compelling him to be a witness against himself. We think it is within the clear intent and meaning of those terms."

We entertain no doubt that the spirit of the constitutional protection, "that no person shall be compelled to testify against himself in a criminal cause," also precludes the seizure of one's private books and

papers in order to obtain evidence against him.    Cooley,
Const. Lim. 370; Whart. on Evidence, sec. 751.    Do pre-
scriptions of druggists under section 4622 come within
that class of private papers thus shielded from inspec-
tion by the constitution?    We think not.

The right to sell intoxicating liquors is not a right
or privilege accorded to every citizen.    The state has the
right to control, regulate or altogether prohibit its sale.
It has, therefore, the undoubted right to impose such
conditions upon those whom it may authorize to sell
such liquors as it may deem necessary to properly regu-
late and control its use.    *Austin v. State*, 10 Mo. 591.
Druggists are not given an unlimited right to sell intox-
icating liquors.    This right is granted to another class
of dealers under the laws of this state.    For their privi-
lege they pay a much higher tax than is required of
druggists, give bond for a compliance with the strin-
gent conditions imposed upon them, and are made
subject to heavy penalties for a violation of such condi-
tions.

But intoxicating liquor is, by many physicians,
considered a necessary medicine in the treatment of dis-
eases.    It was, therefore, deemed necessary that drug-
gists in compounding medicines and filling prescriptions
should  have the right to sell liquor as a medicine.
There can be no doubt that the legislature had the right
to impose its own conditions in authorizing such sales.
It undertook to do so by the provisions of section 4621,
which  limits  sales  to  those  made  under  the  written
prescription of a regularly registered and practicing
physician.

To prevent abuse of their authority to sell, and to
prevent their use of such authority as a covering under
which to make unlawful sales, section 4622 requires the
druggist to preserve all such prescriptions, and pro-
duce them in court, or before the grand jury, when law-
fully required.    This duty was imposed as a condition
upon which a sale was authorized.    These prescriptions

thus became the license, or justification, to the druggist for making sales, which would otherwise be unlawful. As evidence of authority to make particular sales they would constitute private papers of the druggist, but could not be regarded as evidence of crime, but rather of innocence. The chief purpose of their preservation, however, was evidently that they might be used in giving aid to courts and grand juries in their proper and lawful endeavors to control and regulate the sale of intoxicating liquors within the limits prescribed by the legislature, and in the investigation of matters of public concern. In these respects all the prescriptions become public and not private papers, and the druggist merely their custodian.

It could not be insisted that the production of the official books of a collector, treasurer or other public officer could not be required in the investigation of his accounts, or used in evidence against him in a prosecution for official misconduct. The obvious reason is that the books are not the private property of the citizen, but the public records required to be kept by the officer.

The law imposing the duty upon druggists of preserving the prescriptions of physicians left with them, and of producing them before courts or grand juries, is as clearly required as the duty imposed by law upon any public officer to keep an account of the public money which passes through his hands.

Our conclusion is that section 4622 is constitutional, and all its requirements may be lawfully enforced. Judgment reversed and cause remanded. All concur.