[No. 3298. June 26, 1929.]

[Rehearing Denied Nov. 7, 1929.]

STATE v. WALKER et al.

[281 Pac. 481.]

Douglas Fitzhugh, of Casa Grande, Ariz., and H. R. Parsons, of Ft. Sumner, for appellants.

Robert C. Dow, Atty. Gen., and F. H. Patton, Asst. Atty. Gen., for the State.

## OPINION OF THE COURT

BICKLEY, C. J. Appellants were jointly convicted of violating Code 1915, § 549, which requires any person killing a bovine animal to preserve the hide unchanged and unmutilated for a period of 30 days, for inspection.

It is contended as to each appellant that there was insufficient evidence to warrant submission to the jury. From a careful reading of the record, we conclude that there was substantial evidence of the guilt of both. It would serve no useful purpose to recount it here.

It is contended that the section is in violation of various guaranties of the Bill of Rights (Constitution, art. 2), namely, section 15, protecting against compulsory self-incrimination; section 10, protecting against unreasonable searches and seizures; and section 18, protecting against deprivation of property without due process.

Upon the principles invoked by this court in State v. Brooken, 19 N. M. 404, 143 P. 479, L. R. A. 1915B, 213, Ann. Cas. 1916D, 136, we hold that section 549 is a reasonable police regulation and not a deprivation of property without due process. On the authority of the same case we hold that that section is not void, even assuming the invalidity of another portion of the act making a violation of that section competent evidence for the state in a prosecution for larceny, or for receiving stolen animals. This is not such a case.

Section 549 was no doubt enacted in aid of the suppression of larceny of animals. If it were assumed that in every case the killer must be the thief, or the guilty receiver of stolen property, it might be argued that the effect of the act was to require the thief to preserve and exhibit incriminating evidence against himself. But the

preservation of hides may be useful as well in apprehending and convicting others than the killer, and it may serve to protect the innocent killer as well as to disclose the guilty thief.

It is evident from the language employed in section 10 of the Bill of Rights that it is aimed especially at judicial search and seizure. If it applies, as it is urged that it does, to searches and seizures under legislative authority, it is clearly directed only at "unreasonable searches and seizures." There is some effort to define what would be reasonable under a judicial warrant, but none to define what would be reasonable under general legislative authority. In the ordinary sense, this section does not authorize either a search or a seizure. It simply requires the citizen to keep in his possession, unchanged and unmutilated, an article of personal property, and to permit it to be inspected by certain designated authorities. It does not authorize the latter to do more than demand production for inspection. They are not to search premises nor take the property. There is little, if any, invasion of the citizen's privacy, and the principal evils attendant upon search and seizure are not here present, nor are the abuses of such process likely to occur. The officer having made his demand, and been refused, has accomplished his purpose without search or seizure. The guaranty against deprivation of property is probably no less sacred than that against search and seizure. We have held, on satisfactory authority, that the slight deprivation of the use of property here involved is not unreasonable. We think we should also hold that the slight invasion of the security of the person and effects here involved is likewise not unreasonable.

For their contention that the section in question compels the thief, or receiver of stolen property, to preserve incriminating evidence, appellant's rely upon Counselmen v. Hitchcock, 142 U. S. 547, 12 S. Ct. 195, 35 L. Ed. 1110; Gouled v. U. S., 225 U. S. 298, 41 S. Ct. 261, 65 L. Ed. 647. For their contention that it authorizes unreasonable search and seizure, they rely upon Boyd v. U. S., 116 U. S. 616, 6 S. Ct. 524, 29 L. Ed. 746. These decisions involve somewhat different principles than those which we think are properly applicable in the present case.

Section 549, in its purpose and effect is somewhat analogous to statutes requiring persons engaged in certain occupations to keep and produce records of certain transactions. For instance, sales of intoxicating liquors by druggists. It has frequently been contended that such statutes are violative of constitutional guaranties of like purport to sections 15 and 10 of our Bill of Rights. The courts have concluded to the contrary. People v. Henwood, 123 Mich. 317, 82 N. W. 70; City of Joseph v. Levin, 128 Mo. 588, 31 S. W. 101, 49 Am. St. Rep. 577; State v. Davis, 108 Mo. 666, 18 S. W. 894, 32 Am. St. Rep. 640; State v. Donovan, 10 N. D. 203, 86 N. W. 709; Stone v. State, 27 Tex. App. 576, 11 S. W. 637; U. S. v. Mulligan, 268 F. 893; People ex rel. v. Zimmerman, 213 App. Div. 414, 210 N. Y. S. 269; In re Kenney, 129 Misc. Rep 708, 222 N. Y. S. 552; Dunham v. Ottinger, 243 N. Y. 423, 154 N. E. 298; Wilson v. U. S., 221 U. S. 361, 31 S. Ct. 538, 55 L. Ed. 771. In State v. Knight, 279 P. 947, just decided, we considered a similar attack upon this statute and sustained its validity.

It is sometimes pointed out in support of these conclusions that the legislative requirement is for the keeping and production of public records rather than of private documents. Even that principle could be here applied without great stretch of imagination. Under our range conditions and branding requirements, perhaps the most important record of ownership of an animal appears upon its hide. The Legislature has, in effect, charged the person killing such animal with the duty of preserving the hide for a prescribed period as a public record. Having held that this is not objectionable as a deprivation of property, we find it no more objectionable in the matters of self-incrimination, or of search and seizure, than if the killer had been required to keep and produce a record showing the complete description of the animal killed.

We find no error in the judgment, and it will be affirmed.

It is so ordered.

WATSON and PARKER, JJ., concur.

CATRON and SIMMS, JJ., did not participate.