[No. 3287. June 26, 1929.]

STATE v. KNIGHT.

[279 Pac. 947.]

O. O. Askren, of Roswell, for appellant.

R. C. Dow, Atty. Gen., and F. H. Patton, Asst. Atty. Gen.; for the State.

### OPINION OF THE COURT

BICKLEY, C. J. Appellant was charged with killing one bovine cattle and unlawfully failing to keep in his possession, unchanged and unmutilated and in condition to be easily inspected and examined, the hide taken off of said animal, etc., a violation of section 549, Code 1915, being alleged.

Previously, the appellant had been charged with the larceny by killing of one neat cattle of the property of the Diamond A Cattle Company. Appellant was placed on trial thereon, and was acquitted. It is conceded that the animal alleged to have been stolen is the same as the one involved in the present case.

█ █ Appellant admits that the evidence in the case, if believed, is sufficient to support the allegations that appellant had failed to keep the hide of the animal killed for a period of 30 days, but contends:

"The trial court erred in sustaining the demurrer interposed by the state to the plea of autrefois acquit interposed by appellant, because the offense of the killing of an animal and failure to keep the hide is a kindred offense to the offense of the larceny and of the killing of the animal itself, and both could have been charged in the same indictment in separate counts, and because the prosecution elected to go to trial upon the information charging the

killing of the animal, the state was barred from the prosecution of the information charging the failure to keep the hide after appellant had been acquitted of the former."

The provision of the Constitution covering former jeopardy is as follows: Section 15, art. 2, Constitution of the State of New Mexico. The statute involved is section 4426, Code 1915.

We have examined the record in the light of the rules for determining whether the crimes are identical, and conclude that they are not.

No conviction could be had of the crime defined in section 549, Code 1915, under an information charging only grand larceny.

It seems that the two causes are not only distinct in law, but also in fact. The larceny would be complete when the animal is killed with intent to steal it. Under section 549, if the animal is killed for a purpose lawful in itself, the person killing the same is:

"Required to keep in his own possession, unchanged and un-mutilated, and in condition to be easily inspected and examined, all hides and pelts of such bovine animals, including the ears, for the period of thirty days after the killing," etc.

The omission to do so for the full period of time *after* the killing constitutes the offense. Under the proposition advanced by appellant, we have two separate and distinct criminal acts—one the larceny, an affirmative act, the other a criminal omission—committed at different periods of time, each constituting a crime in fact as well as in law, and each being also entirely distinct in name and statutory definition, and neither constituting a necessary incident to or part of the other. See People v. Kerrick, 144 Cal. 46, 77 P. 711.

The second point relied upon by appellant he states as follows:

"Chapter 53, Laws of 1919, wherein the Legislature attempted to create a felony and impose grave punishment for violation of the provision of sec. 549 of the Code of 1915, was and is in contravention of Article IV, sec. 18 of the Constitution of the State of New Mexico, because there is an attempt by the Legislature to revise and amend sec. 549 of the Code by reference to title only, and to make a violation of the provisions thereof a

felony, which had theretofore been nothing more than a simple misdemeanor, and the court therefore erred in imposing the punishment of not less than eighteen months or more than two years, whereas, the court was limited in its discretion to impose against appellant on conviction a fine of not less than $25.00, or by imprisonment not exceeding three months, as provided by sec. 550 of the Code of 1915."

The constitutional provision is as follows:

"No law shall be revised or amended, or the provisions thereof extended by reference to its title only; but each section thereof as revised, amended or extended shall be set out in full."

Section 18, article 4, Constitution of the State of New Mexico.

Section 549, Code 1915, was originally section 1 of chapter 45, Laws of 1891. This section contains the definition of the offense, but does not provide the penalty for the violation of the provision thereof. Such punishment was provided for in section 2 of the act. The identical language of said section 2 was carried into the Compiled Laws of 1897 as section 90 thereof. The compiler of the Code of 1915 changed the language slightly to conform to the general plan by making it read: Section 550. "Each violation of the provisions of the foregoing section shall be punished," etc.

The Legislature of 1919 passed chapter 53:

"An Act Amending Section 550, New Mexico Statutes, Codification of 1915, and Providing Punishment for Violation of Provisions of Section 549, New Mexico Statutes, Codification of 1915, Relating to the Keeping and Inspection of Hides of Bovine Animals."

Appellant concedes that the amendment of section 550 of the Code is not in violation of the provisions of the Constitution referred to, but urges that, because section 549 of the Code, which contains the definition of the offense, punishment by section 550 as amended, is not set out in full, the evil aimed at by the Constitution, to wit, "blind legislation," is committed. It has been said that such constitutional provisions as ours are designed to remedy the mischief of "blind legislation," but the constitutional provision itself affords the remedy, and the Legislature, being a coordinate branch of our government, may proceed in the exercise of its functions so long as it keeps

within the constitutional limitations. As we said in State v. Armstrong, 31 N. M. 220, 243 P. 333, 347:

"The function of the courts in scrutinizing acts of the Legislature is not to raise possible doubt nor to listen to captious criticism. The Legislature possessing the sole power of enacting law, it will not be presumed that the people have intended to limit its power or practice by unreasonable or arbitrary restrictions. Every presumption is ordinarily to be indulged in favor of the validity and regularity of legislative acts and procedure."

The amendment of said section 550 is accomplished in full compliance with the constitutional restrictions and direction. The act of 1919 does not purport to revise or amend or extend or otherwise deal with any section of the law other than section 550, and this section as revised and amended is set out in full in the amending act. The constitutional restriction upon the Legislature heretofore mentioned was fully discussed in State v. Armstrong, supra, and we find nothing therein contrary to the views here announced.

 Appellant next argues that the provisions of section 549, Code 1915, are in contravention of that portion of section 15, art. 2, of the Constitution of New Mexico, which is as follows:

"No person shall be compelled to testify against himself in a criminal proceeding."

Appellant argues that it is to be seen that the real purpose and intent of the section is to procure evidence for the prosecution of larceny in the event the authorities may find meat of the bovine animal in the possession of the accused with no hide of such animal in his possession, and, secondly, that, if a hide be found in his possession in a mutilated condition, to prosecute the accused for a violation of said section 549, and therefore such a statute contravenes the constitutional provision heretofore last quoted. Appellant cites no authority in support of his proposition. This point is ruled against appellant on the authority of State v. Walker, 34 N. M. ___, 281, P. 481.

 Appellant's fourth point involves a cautionary instruction given by the court, and which is claimed to be prejudicial and erroneous. No authority is cited. The instruction was as follows:

"You have no right to allow your prejudices, or your sympathies, or what may be the consequences of your decision, to affect your verdict. You are bound by the oath you have taken as jurors to decide this case according to the evidence as you have heard it, and the law as given you by the court in these instructions. This duty you can perform only by hearing the evidence dispassionately, honestly, and with a whole hearted desire to arrive at the truth and return a just and righteous verdict."

The giving of a cautionary instruction to the jury in regard to their duties rests largely in the judgment and discretion of the court; and, where nothing appears to show its inappropriateness, such instruction is not improper. See Corpus Juris, "Criminal Law," § 2350. For an instance of error in refusing to give an appropriate requested cautionary instruction, see State v. Clevenger, 27 N. M. 466, 202 P. 687. We see nothing in the instruction which leads us to the conclusion that the court abused its discretion in giving same, nor in the record or argument of counsel to show that the defendant was prejudiced thereby.

■ Appellant's fifth point is thus expressed:

"The court erred in giving to the jury instruction No. 17, wherein the court advised the jury that in the event they found the defendant guilty they might recommend him to the clemency of the court, and that such recommendation would receive due consideration by the court, because an instruction might have coerced and induced a verdict of guilty from the jurors on less evidence than they otherwise would have convicted the defendant, believing that in the event they found a verdict of guilty against the defendant, with such a recommendation the sentence to be imposed by the court would be a light one, and because such instruction should be given only at the instance and request of the defendant, and not over his protest and objection, as was done on this case."

In Territory v. Griego, 8 N. M. 133, 42 P. 81, construing laws of 1891, p. 151, c. 80 (section 4447, Code 1915), it was decided that said statute has no application to cases where the punishment is single and specific, and where no discretion is allowed as to the punishment to be inflicted. Counsel for appellant concedes that in the case of State v. Carabajal, 26 N. M. 384, 193 P. 406, 17 A. L. R. 1098, this court held that the trial court was not required to follow the recommendation of the jury as to clemency. This case is followed in State v. Brigance, 31 N. M. 436, 246 P. 897, and in State v. Young, 33 N. M. 212, 263 P. 515.

Where the statute is applicable to some cases and inapplicable to others, it is the duty of the court to instruct the jury in a case where it is applicable. An argument similar to the one made by appellant was made in Sterling v. State, 89 Ga. 807, 15 S. E. 743, but the court decided as said in the note to 16 C. J. Criminal Law, § 2459:

"A charge calling attenton to the fact that the jury have a privilege of recommending accused to mercy after a verdict of guilty is not open to the objection that it tends to produce a compromise verdict."

Furthermore appellant assumes that the court in this case did not, and that courts do not, heed such recommendations by the jury. There is nothing upon which to base this assumption. The court in the case at bar, not having imposed the maximum sentence, may have been influenced by the jury's recommendation; while the statute doubtless is partly for the benefit of the accused, yet it serves another purpose. It is advisory to the court in performing the important duty of imposing sentence, and doubtless aids him in the administration of justice.

Finding no error in the record, the judgment is affirmed and it is so ordered.

WATSON and PARKER, JJ., concur.

CATRON and SIMMS, JJ., did not participate.