364 P.2d 594

STATE of New Mexico, Plaintiff-Appellee,

v.

Robert MORENO, Defendant-Appellant.

No. 6875.

Supreme Court of New Mexico.

June 2, 1961.

Rehearing Denied Aug. 30, 1961.

M. P. Gutierrez, Anthony J. Albert, Santa Fe, for appellant.

Earl E. Hartley, Atty. Gen., Boston E. Witt and Norman S. Thayer, Asst. Attys. Gen., for appellee.

NOBLE, Justice.

The defendant, Robert Moreno, was charged under § 54–5–14 and § 54–7–14 N.M.S.A. 1953 Comp. and tried before a jury on two counts: (1) illegal possession of marijuana, and (2) possession of marijuana with the intent unlawfully to sell and deliver it.

The trial court instructed the jury that it could find the defendant guilty of only one of the counts; they were to consider initially count (2) and only if they found him innocent of that charge could they consider count (1). The jury returned a verdict finding the defendant guilty of the second count—possession with intent to sell—and as instructed returned no verdict on the first count.

■ Reversal is urged on the ground that there is no substantial evidence to support the verdict of guilty of possession of marijuana with intent to unlawfully sell or deliver it. We have carefully examined the record and while there is ample evidence to support the charge of illegal possession under the first count of the information the record is completely devoid of any substantial evidence to support the conviction of possession with intent to sell marijuana. The conviction based on the offense of possession with intent to illegally sell and deliver cannot be sustained upon proof of illegal possession alone and the verdict and judgment based thereon must be reversed. State v. Romero, 67 N.M. 82, 352 P.2d 781; State v. Alls, 55 N.M. 168, 228 P.2d 952; State v. Walker, 34 N.M. 405, 281 P. 481; State v. Curry, 32 N.M. 219, 252 P. 994.

■ The effect of a reversal for lack of sufficient evidence to support a conviction is not different from an acquittal by the jury and requires that the defendant be discharged. Sapir v. United States, 348 U.S. 373, 75 S.Ct. 422, 99 L.Ed. 426; Compare, State v. Reed, 39 N.M. 44, 39 P.2d 1005, 102 A.L.R. 995.

■ Reluctant as we may be to discharge the defendant in view of the evidence sufficient to support a conviction of illegal possession of marijuana, we must do so nevertheless. The two counts of the information charged separate offenses, and the silence of the jury verdict as to the first count is equivalent to an acquittal as to the offense charged therein, Jolly v. United States, 170 U.S. 402, 18 S.Ct. 624, 42 L.Ed. 1085; State v. Hickenbottom, 63 Wyo. 41, 178 P.2d 119; State v. Gorham, 93 Utah 274, 72 P.2d 656; People v. Dowling, 84 N.Y. 478; Chadwick v. United States, 5 Cir., 117 F.2d 902, and operates as a bar to further prosecution on that count. People v. Dowling, supra; Boyd v. State, 156 Ga. 48, 118 S.E. 705; People v. Powers, 272 Mich. 303, 261 N.W. 543; Annotation, 114 A.L.R. 1406 at 1417.

The cause is reversed and remanded with instructions to set aside and vacate the verdict and the judgment and sentence based thereon and to discharge the defendant.

It is so ordered.

COMPTON, C. J., and CHAVEZ, J., concur.

CARMODY and MOISE, JJ., not participating.

On Motion for Rehearing.

NOBLE, Justice.

The question as to whether the defendant may be retried under the first count of the information charging illegal possession of marijuana was not argued on the principal appeal. The State on rehearing urges

that in holding that the defendant must be discharged by reason of our determination that the conviction under the second count is not supported by substantial evidence, we overlooked the instruction of the trial court directing the jury to disregard count one if they should convict him under the second count. The State urges that the jury was prohibited by the instructions from consideration of count one and that no verdict having been rendered on count one, the defendant may be retried on that count.

■■ We are met, at the very outset, with an insurmountable obstacle to a retrial under count one of the information. There can be no question but that the court had jurisdiction, nor that issue was joined upon that count. The defendant was put in jeopardy in the original proceeding and cannot be again put in jeopardy in the absence of some compelling reason which requires a declaration of a mistrial. In Ex parte Williams, 58 N.M. 37, 265 P.2d 359, 362, where the district attorney asked and obtained dismissal of an information at the conclusion of the State's case, because he thought the information failed to properly charge the offense, and where it was held on appeal that the information was sufficient, it was said:

"Assuming the court has jurisdiction, and prior proceedings are valid, jeopardy attaches when issue is joined upon an indictment or information, and the jury is * * * is sworn to try the cause."

■ The effect of the instruction by the trial court was to dismiss the first count of the information and operated as a judgment of acquittal. Ex parte Williams, supra.

Rehearing will be denied and the mandate will issue in accordance with the direction heretofore entered.

COMPTON, C. J., and CHAVEZ, J., concur.

CARMODY and MOISE, JJ., not participating.