THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* JOSE ENTRIALGO, Respondent.

Second Department, December 2, 1963.

*Edward S. Silver, District Attorney (Harold M. Brown* of counsel), for appellant.

*Gretchen White Oberman* and *Anthony F. Marra* for respondent.

*Per Curiam.* At the hearing on the motion to suppress, a police detective testified that a Police Captain (whose testimony, if any, was not offered by the People) told him, the detective, that he (the captain) had observed defendant and one Yournett walking down the street, each carrying a suitcase; that the captain stopped them and asked whose suitcases they were; that defendant and Yournett said the suitcases belonged to a friend, whom they were helping to move; that the captain asked them where the friend was; and they said he was "up the block"; that the captain took defendant and Yournett, together with the suitcases, in the police car to find the friend, but to no avail; that the captain then brought defendant and Yournett to the police station and turned them over to the detective.

The detective, who was the sole witness at the hearing, further testified that he then questioned defendant and Yournett; that defendant admitted that he had taken the suitcases from a car on Remsen Street; that defendant showed the captain and the detective a car parked in front of 16 Remsen Street with its right front window broken; that defendant admitted that this was the car into which he had broken and from which he had taken the suitcases, and that he (the detective) then took defendant back to the station house and opened the suitcases for the first time. There was no arrest or search warrant.

In its opinion (37 Misc 2d 264, 265) the court below stated that the captain first saw defendant and Yournett at 4:30 P.M., on the day in question. There is no testimony in the record as to time to support this statement. The opinion states also that defendant and Yournett were Puerto Ricans and that they were "carrying expensive-looking luggage." There is no testimony in the record to support either of these statements.

At the hearing the court also stated that the burden of proof on the issue of unreasonable search and seizure was on the People. The rule is to the contrary, i.e.: on a motion to suppress evidence the burden is on the defendant to sustain his claim of

illegal search and seizure (*People* v. *Lombardi,* 18 A D 2d 177, 181, affd. 13 N Y 2d 1014).

The court further stated that the detective could testify to what the captain told him because the hearsay rule does not apply to members of the Police Department. There is no such exception. What the captain told the detective is not competent testimony to prove what the captain saw. If the issue were probable cause for an arrest by the detective at the time the captain turned defendant over to the detective, it may have been competent testimony to show that such probable cause existed at the time the captain turned the defendant over to the detective. But probable cause (*People* v. *Dowling,* 84 N. Y. 478, 485; *Heyne* v. *Blair,* 62 N. Y. 19) was not the issue. The captain and all other persons involved should be produced to testify.

Where, on a motion to suppress, a hearing is directed, all the pertinent facts should be elicited; such a hearing is not to be an informal conference dehors the record.

The precise time at which an "arrest" occurred within the meaning of section 167 of the Code of Criminal Procedure, should be determined as a question of fact whenever such time becomes a relevent factor (*Rios* v. *United States,* 364 U. S. 253, 262). In the present case, it should be borne in mind that police have the right to approach persons for the purpose of routine investigation; and that such investigation does not constitute arrest (*Rios* v. *United States, supra; United States* v. *Vita,* 294 F. 2d 524, cert. den. 369 U. S. 823; *Busby* v. *United States,* 296 F. 2d 328, cert. den. 369 U. S. 876). Whether the detention of this defendant for questioning was for more than a reasonable period of time should be determined as a question of fact within the rules stated in *United States* v. *Vita* (*supra*), where it was held, contrary to the opinion of the court below, that detention even for 10 hours after the defendant there had been taken in an F. B. I. car to F. B. I. headquarters was not an unreasonable detention.

In addition to determining all the foregoing factors as applied to this case, it should further be determined as questions of fact: (1) whether the suitcases were seized by the police and, if so, the time when the seizure took place and whether or not there was consent thereto; (2) whether and when there was a search of the suitcases and whether such search was incident to a lawful arrest; and (3) whether the confession by defendant in the station house was induced by the confrontation of defendant with the articles illegally seized (*People* v. *Rodrigues,* 11 N Y 2d 279) or after an unauthorized arrest (*Wong Sun* v. *United States,* 371 U. S. 471, 485).

In view of the inadequacy of the present record we conclude that the matter should be remitted for a new hearing so that a complete record may be made and so that the Police Captain, on the basis of whose actions the arrest appears to have been made, may testify fully as to all the events within his personal knowledge.

Accordingly: (a) the order of November 20, 1962 should be reversed on the law and the matter remitted to the Criminal Term of the Supreme Court, Kings County, for the purpose of holding a new hearing and for further proceedings in accordance with the opinion of this court; and (b) the order of November 27, 1962 should be reversed on the law and the motion to dismiss the indictment denied, without prejudice to its renewal after determination of the motion to suppress evidence, if the defendant be so advised. No questions of fact were considered.

BELDOCK, P. J., KLEINFELD, BRENNAN, RABIN and HOPKINS, JJ., concur.

Order of November 20, 1962 reversed on the law and matter remitted to the Criminal Term, Supreme Court, Kings County, for the purpose of holding a new hearing and for further proceedings in accordance with the opinion of this court. No questions of fact were considered. Order of November 27, 1962 reversed on the law and motion to dismiss the indictment denied, without prejudice to its renewal after determination of the motion to suppress evidence, if the defendant be so advised.