The State v. Bragg.

---

THE STATE OF MISSOURI, Appellant, v. W. S. BRAGG *et al.*, Respondents.

### St. Louis Court of Appeals, November 22, 1892.

1. **Druggists:** SUBPŒNA DUCES TECUM FOR PRESCRIPTIONS: CRIMINAL PROSECUTION FOR DISOBEDIENCE. A subpœna *duces tecum*, requiring a druggist to produce before a grand jury prescriptions compounded by him, or by those in his employ, must specify, with some particularity, the prescriptions to be produced. A requirement for the production of all prescriptions compounded by him between specified dates—in this case during a month—is insufficient, and the disobedience of it by the druggist will, therefore, not warrant a criminal prosecution under section 4622 of the Revised Statutes of 1889.

2. ———: ———: ———: INDICTMENT. An indictment against a druggist under said section for disobeying a subpœna *duces tecum* for the production of prescriptions so compounded must show a sufficient service of the subpœna, and should, therefore, specifically allege an actual service of the subpœna and the date thereof.

*Appeal from the Lincoln Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

No brief filed for appellant.

*Dunn & Murphy*, for respondents.

BIGGS, J.—The defendants, who are charged to be the owners or proprietors of a drug store in Lincoln county, were indicted under section 4622 of the Revised Statutes of 1889 for refusing to produce before the grand jury of the county prescriptions compounded by

them, and by those in their employ. The section referred to reads:

"Every druggist, proprietor of a drug store or pharmacist shall carefully preserve all prescriptions compounded by him or those in his employ, numbering, dating and filing them in the order in which they are compounded, and shall produce the same in court, or before any grand jury, whenever thereto lawfully required, and, on failing, neglecting or refusing so to do, shall be deemed guilty of a misdemeanor, and, on conviction, shall be punished by a fine not less than $50 nor more than $100.

The court quashed the indictment, and the state has appealed.

The judgment of the court must be upheld for several reasons. The principal one is that the indictment does not contain an accurate description of the prescriptions called for; neither does it show that the subpœna *duces tecum* contained such a description. The indictment charges that the defendants failed and refused to obey a subpœna *duces tecum*, by which they were required and commanded to produce before a grand jury of the county *all* prescriptions compounded at their drug store, either by themselves or their clerks, from the fifteenth day of August, 1891, to the nineteenth day of September, 1891. The subpœna should have specified with some particularity what prescription or prescriptions were wanted by the grand jury in its investigations. If the conduct of the defendants themselves was under investigation in reference to any particular matter, such as the sale by them of intoxicating liquors, it would probably have been sufficient to require the production of all prescriptions compounded by them, which called for intoxicants. Or, if the grand jury was investigating the conduct of a particular physician in respect to prescriptions issued by him

for liquors to be used for medical purposes, then a subpœna *duces tecum* thus describing such prescriptions would have been sufficient. But we deny the right of a grand jury or court to make a drag net out of its process by compelling a druggist to produce before it *all* prescriptions of every kind and description. It will be observed that the law requires a druggist to preserve and file all prescriptions compounded by him. If the process of the court should be allowed to be abused, as was attempted in this case, the secrets of innocent third parties might be exposed, when it was unnecessary to the proper administration of the law. This question has been thoroughly and intelligently discussed by the supreme court (*Ex parte Brown*, 72 Mo. 83), and it would be useless for us to attempt to add anything to what was there said. That decision affords ample justification for the court's ruling in this case.

.Another objection to the indictment is, that it does not state when the subpœna *duces tecum* was served, or that it was served prior to the time that the defendants were required to produce the prescriptions. The actual service of the subpœna and the date of the service were issuable facts, and they ought to have been specifically alleged.

For the reasons stated, the judgment of the circuit court will be affirmed. All the judges concur.