THE STATE v. DAVIS, *Appellant.*

Division Two, November 9, 1893.

1. **Criminal Law:** DRUGGISTS: PRODUCING PRESCRIPTIONS BEFORE GRAND JURY     Section 4622 of Revised Statutes, 1889, providing that druggists shall produce in court, or before any grand jury, all prescriptions compounded by him "whenever thereto lawfully required and on failing, neglecting or refusing so to do, shall be deemed to be guilty of a misdemeanor" is constitutional (108 Mo. 666).

2. ———: ———: SUBPŒNA DUCES TECUM. A subpœna *duces tecum*, which requires a druggist to produce before the grand jury all prescriptions filed in his store since a certain day, is too indefinite and uncertain upon which to found a criminal prosecution.

*Appeal from Daviess Circuit Court.*—HON. C. H. S. GOODMAN, Judge.

REVERSED AND REMANDED.

*W. D. Hamilton* and *J. F. Harwood* for appellant.

Section 4622 of Revised Statutes,1889, under which defendant is indicted is unconstitutional and void, for the reason that it compels defendant to furnish evidence tending to convict himself. *State ex rel. v. Simmons Hardware Co.*, 109 Mo. 118; Const. art. 2, sec. 33; Amendment to Const. (U. S.) art. 5; *Counselmen v. Hitchcock*, 142 U. S. 547; *Emery's case*, 107 Mass. 172; *Boyd v. United States*, 116 U S. 616; Wharton on Evidence, sec. 533, 534, 751 ; ' Wharton on American Criminal Law, sec. 563; Greenleaf on Evidence, sec. 451; *State v. Talbott*, 73 Mo. 347; *State v. Marshall*, 36 Mo. 400; *State v. Ward*, 2 Mo. 120; Wharton on Criminal Law, sec. 372, 373, 374, 375. A subpœna *duces tecum* requiring a druggist to produce before a grand jury prescriptions compounded by him, must specify with some particularity the prescriptions to be produced; a requirement for the production of all prescriptions between certain dates specified is insufficient, and disobedience of it by a druggist will not warrant a criminal prosecution under section 4622, Revised Statutes, 1889, and unless the indictment contains an accurate description of the prescriptions called for it is bad; and in this case they are both insufficient. *State v. Bragg*, 51 Mo. App. 334; *Ex Parte Brown*, 72 Mo. 83.

*R. F. Walker*, Attorney General, and *J. A. Selby* for the state.

(1) The indictment is sufficient. Revised Statutes, 1889, sec. 4622; *State v. Davis*, 108 Mo. 666. (2) It appears from the record that appellant's motion for a new trial and motion in arrest were filed and determined at the same time. The motion in arrest presupposes the verdict is right, but that judgment should not be

entered thereon because of some error or omission in the record. This being true, the filing of the motion in arrest by appellant prior to the determination of the motion for a new trial, operates as a waiver of any error contained or suggested in the motion for a new trial. *McComas v. State,* 11 Mo. 117; *State ex rel. v. Ross,* 118 Mo. —. (3) The evidence of the grand jurors was certainly competent for the purpose of showing defendant's partial obedience to the subpœna and his refusal to produce the prescriptions as it required. This fact could not be established in any other way or by any other testimony, and hence the statute would be annulled if such a construction upon this testimony should be excluded and held incompetent.

BURGESS, J.—At the June term, 1890, of the circuit court of Daviess county, the defendant, who is a druggist, was indicted under section 4622, Revised Statutes, 1889, for refusing to produce before the grand jury of said county, after having been subpœnaed to do so, his prescriptions, compounded and filed in his drug store subsequent to the tenth day of June, 1889. Said section is as follows: "Every druggist, proprietor of any drug store, or pharmacist shall carefully preserve all prescriptions compounded by him or those in his employ, numbering, dating and filing them in the order in which they are compounded, and shall produce the same in court or before any grand jury whenever thereto lawfully required, and on failing, neglecting, or refusing so to do, shall be deemed guilty of a misdemeanor, and on conviction shall be punished by a fine of not less than fifty nor more than one hundred dollars." He was subsequently tried and convicted and the case is now here on his appeal.

Defendant's first contention is that the statute is unconstitutional, and is, therefore, void and of no effect;

but this identical question was passed on by this court in this case when here on a former occasion (108 Mo. 666), when it was held otherwise, and we are satisfied with that ruling.

It is also contended that the subpœna *duces tecum* which was served on defendant, requiring him to produce before the grand jury all prescriptions filed in his drug store between certain dates specified, was too indefinite and insufficient, and that disobedience thereto was no violation of the law. Its command is as follows: "And you are further commanded to bring with you and produce in evidence all prescriptions filed in your store since June 10, 1889." This subpœna was read in evidence to the jury over the objections of defendant, in which we think the court committed error.

In the case of *State v. Bragg*, 51 Mo. App. 334, it was held by the St. Louis court of appeals that a subpœna *duces tecum* requiring a druggist to produce before a grand jury prescriptions compounded by him, or by those in his employ, must specify with some particularity the prescriptions to be produced; that a requirement for the production of all prescriptions compounded by him between specified dates in that case during a month was insufficient, and the disobedience of it by the druggist would not warrant a criminal prosecution under section 4622, *supra*.

So it was held by this court in *Ex Parte Brown*, 72 Mo. 83, that a subpœna *duces tecum* to compel the production of telegraphic dispatches should give a reasonably accurate description of the papers wanted either by date, title, substance, or the subject to which they relate. The subpœna in the case at bar is entirely too indefinite and uncertain for any purpose, even in an ordinary civil case, and certainly not sufficiently definite upon which to predicate a criminal prosecution for its violation. To require the defendant to produce all

of the prescriptions compounded by him or filed by him during any specified length of time, however short, to be inspected and inquired into by the grand jury, no matter what ailments they may have been prescribed for or for whom, would be an intrusion upon his private affairs and business and without warrant of law.

The subpœna should have described with some kind of particularity the prescriptions, if any, for the sale of intoxicating liquor and to whom sold, and inasmuch as it failed to do so, the court committed error in permitting it to be read in evidence to the jury.

The cause is reversed and defendant discharged. All of this division concur.