## COMMONWEALTH *vs.* WILLIAM LYNN.

A complaint alleging that the defendant kept intoxicating liquor "with intent to sell the same in this Commonwealth, he not being authorized to sell the same in said Commonwealth for any purpose under the provisions of the acts of this Commonwealth, or by any legal authority whatever," sufficiently negatives that the alleged liquor was such as he had a right to sell.

COMPLAINT to the municipal court of the city of Boston, dated October 5, 1870, that William Lynn kept intoxicating liquor " with intent to sell the same in this Commonwealth, the said Lynn not being authorized to sell the same in said Commonwealth for any purpose under the provisions of the acts of this Commonwealth, or by any legal authority whatever."

The defendant demurred to the complaint, in the superior court, on appeal, on the ground that it did not aver that the " liquor is such as is forbidden to be kept for sale by the laws of this Commonwealth ; " *Devens,* J., overruled the demurrer ; and the defendant was tried and found guilty, and alleged exceptions,

*P. R. Guiney,* for the defendant. By the St. of 1870, *c.* 389 the sale of certain intoxicating liquors, to wit, " ale, porter

strong beer, lager bier," is lawful. The provision in § 8 that nothing in the act shall " be construed to require any change in the forms of pleading now or heretofore used in the trials of criminal causes," if applicable to this case, is void as contravening the Declaration of Rights, art. 12, which requires that no one shall be held to answer for any offence " until the same is fully and plainly, substantially and formally, described to him."

*J. C. Davis*, Assistant Attorney General, ( *C. Allen*, Attorney General, with him,) for the Commonwealth.

BY THE COURT. The allegation in this complaint, that the defendant kept intoxicating liquor " with intent to sell the same in this Commonwealth, he not being authorized to sell the same in said Commonwealth for any purpose under the provisions of the acts of this Commonwealth, or by any legal authority whatever," is sufficient. It excludes the idea that the liquors alleged to be kept were such as he had a right to sell. A like allegation has been held sufficient in several cases, which are decisive of the case at bar. *Commonwealth* v. *Hart*, 11 Cush. 130. *Commonwealth* v. *Gilland*, 9 Gray, 3. *Commonwealth* v. *Purtle*, 11 Gray, 78. *Exceptions overruled.*