### COMMONWEALTH *vs.* JAMES GRADY.

A complaint on the St. of 1869, *c.* 415, § 36, with proper averments of time and place, that the defendant "unlawfully did keep intoxicating liquor with intent unlawfully to sell the same in this Commonwealth," he "not being authorized to sell the same in this Commonwealth for any purpose" under the St. of 1869, *c.* 415, "or by any legal authority whatever," is sufficiently certain and precise, without specifying the kind of the intoxicating liquor, or further negativing any mode or contingency in which he might lawfully sell it, although the alleged time of the offence is after the passage of the Sts. of 1870, *cc.* 389, 390.

COMPLAINT under the St. of 1869, *c.* 415, § 36, to the police court of Lynn, on March 25, 1871, that the defendant on March 21, 1871, at that city "unlawfully did keep intoxicating liquor with intent unlawfully to sell the same in this Commonwealth," he

" not being authorized to sell the same in this Commonwealth for any purpose under the provisions of " the St. of 1869, *c.* 415, " or by any legal authority whatever." In the superior court, on appeal, before the jury were empanelled, the defendant filed a motion to quash the complaint upon the following grounds :

· " 1. That it does not set forth any offence with substantial precision and certainty.

" 2. That it does not charge that the defendant committed any acts which are necessarily criminal and punishable.

" 3. That upon the day named therein it was not necessarily criminal and punishable to keep intoxicating liquor with intent to sell the same within this Commonwealth, and without authority to sell the same.

" 4. That by the St. of 1870, *c.* 389, it is provided that it shall be lawful for any person to sell or keep for sale certain kinds of intoxicating liquor therein named, to wit, malt intoxicating liquors, and although by a subsequent section of the same statute it is provided that the sale of such liquors shall be prohibited in such cities and towns as shall so vote, it is not provided that it shall be unlawful to keep such liquors for sale ; and therefore this complaint is defective in that it might be sustained by proof of keeping malt intoxicating liquors for sale, an act which is not unlawful or prohibited.

" 5. That a complaint for keeping intoxicating liquors for sale should allege that the liquors so kept were such as it is unlawful to keep for sale.

" 6. That, inasmuch as by the general provision of the statute it is lawful both to sell and to keep for sale certain kinds of intoxicating liquor, and the provision by which such sale is prohibited in such cities or towns as may so vote is contained in a subsequent section of the statute, there is no sufficient negation of the authority of the defendant to sell the intoxicating liquor which he is charged with keeping.

" 7. That the negation of the authority to sell alleges the absence of authority to sell under the provisions of the St. of 1869, *c.* 415, whereas he may have had authority under the said statute of 1870, which is not negatived or denied in the complaint."

This motion was overruled by *Rockwell*, J., whereupon the defendant pleaded guilty, and moved in arrest of judgment upon the same grounds, which motion also was overruled, and he alleged exceptions.

*S. B. Ives, Jr.*, for the defendant. Although the complaint follows the form authorized by the St. of 1869, *c.* 415, that form was insufficient after the enactment of the Sts. of 1870, *cc.* 389, 390. By the St. of 1869, *c.* 415, § 30, malt liquors were declared intoxicating, and by § 36 it was penal to keep them for sale. By the St. of 1870, *c.* 389, § 2, it was provided that any person might "keep for sale" such liquors; and by § 3, as amended by *c.* 390, that the inhabitants of any city or town might on the first Tuesday of the ensuing September, and thereafter on the first Tuesday in May annually, vote that no person should be allowed to sell such liquors therein, in which case "the sale" of such liquors therein was prohibited. This legislation did not provide that any vote of the city or town should make it unlawful merely to keep malt liquors with intent to sell them. The complaint is therefore defective in that it charges as a crime that which is not necessarily a crime. *Commonwealth* v. *Slack*, 19 Pick. 304. *Commonwealth* v. *Collins*, 2 Cush. 556.

The complaint does not well allege that the sale of such intoxicating liquor as the defendant kept was unlawful in the place where he intended to sell it. Under the St. of 1870, *c.* 389, it may be lawful to sell malt liquors in one city, and unlawful to sell the same liquors in another. So, if it was by reason of the vote of the city of Lynn unlawful to sell ale there, but it remained lawful to sell ale in Salem, it would not be unlawful to keep ale in Lynn with the intent to sell it in Salem. It follows, that the alleged intent of the defendant to sell the liquor "in this Commonwealth," was not necessarily unlawful, and would not necessarily make his keeping of the liquor unlawful.

The complaint should expressly allege that the city or town in which the defendant intended to sell the liquor had voted to prohibit the sale of malt liquors therein. The mere allegation that the keeping was "unlawful," and with the intent to sell the liquor "unlawfully," is argumentative and insufficient. *Brown* v

*Commonwealth,* 8 Mass. 59, 65. *Commonwealth* v. *Shaw,* 7 Met. 52, 56. *Commonwealth* v. *Whitney,* 5 Gray, 85.

*C. Allen,* Attorney General, for the Commonwealth.

GRAY, J. This case presents no question of the evidence necessary to support a conviction, but merely of the sufficiency of the charge. The complaint alleges that the defendant at a certain time and place unlawfully kept intoxicating liquors with intent unlawfully to sell the same in this Commonwealth, he not being authorized to sell the same for any purpose under the provisions of the St. of 1869, *c.* 415, " or by any legal authority whatever." It is in the form prescribed by statute, and clearly and sufficiently charges an unlawful keeping by the defendant, and that he intended to sell liquors of a kind which, and in a place where, the law did not allow him to sell. It need not more particularly describe the kind of liquors which he intended to sell, nor negative any of the various modes and contingencies in which it might be lawful for him to sell them. Sts. 1869, *c.* 415, § 66; 1870, *c.* 389, § 8. *Commonwealth* v. *Gilland,* 9 Gray, 3. *Commonwealth* v. *Purtle,* 11 Gray, 78. *Commonwealth* v. *Dunn,* 14 Gray, 401. *Commonwealth* v. *Lynn,* 107 Mass. 214. *Commonwealth* v. *Bennett, ante,* 27. *Exceptions overruled.*