COMMONWEALTH *vs.* CERTAIN INTOXICATING LIQUORS, James E. Blake, claimant.

A complaint and warrant under the St. of 1869, *c.* 415, § 44, to search for "intoxicating liquors, to wit: a certain quantity of mixed liquors," sufficiently alleges that the mixed liquors are intoxicating.

In a complaint under the St. of 1869, *c.* 415, § 44, an allegation that ale was kept for sale by J. S., he not being authorized to sell the same in this Commonwealth for any purpose under the provisions of the St. of 1869, *c.* 415, or by any other legal authority whatever, sufficiently negatives any right in him to sell by virtue of a vote of any city or town under the St. of 1871, *c.* 334.

COMPLAINT under the St. of 1869, *c.* 415, § 44, to the Police Court of the city of New Bedford, by Alfred G. Hitch and George Dunham, alleging " that they have reason to believe, and do believe, that intoxicating liquors, to wit : A certain quantity of whiskey, being about, and not exceeding two hundred (200) gallons ; a certain quantity of rum, being about, and not exceed· ing two hundred (200) gallons ; a certain quantity of brandy

being about, and not exceeding one hundred (100) gallons; a certain quantity of gin, being about, and not exceeding two hundred (200) gallons; a certain quantity of wine, being about, and not exceeding two hundred (200) gallons; a certain quantity of mixed liquors, being about, and not exceeding four (4) gallons; a certain quantity of ale, being about, and not exceeding one hundred (100) gallons; a certain quantity of porter, being about, and not exceeding one hundred (100) gallons; a certain quantity of lager bier, being about, and not exceeding one hundred (100) gallons;" were kept by James E. Blake in a building described, " which liquors are intended by said Blake for sale in this Commonwealth, said Blake not being authorized to sell the same in this Commonwealth, or to manufacture or keep the same for sale, for any purpose under the provisions of chapter four hundred and fifteen of the acts of the year eighteen hundred and sixty-nine of this Commonwealth, or by any other legal authority whatever." A search-warrant was issued, reciting the complaint, and liquors were seized thereunder.

In the Superior Court, Blake appeared to claim the liquors, and, before the jury were empanelled to try the cause, moved to quash the warrant and dismiss the complaint for informalities in each, for the following reasons: " Because as to a certain portion of the property to be searched for, to wit: 'A certain quantity of mixed liquors, being about and not exceeding four gallons,' they are not particularly designated nor described with legal accuracy, in that the charging part of the complaint and warrant does not allege that they are 'mixed liquors part of which is spirituous or intoxicating;' and because as to other portions of the property to be searched for, to wit, a certain quantity of ale, a certain quantity of porter, a certain quantity of lager bier, the charging part of the complaint and warrant does not allege that the same were intended by said Blake for sale in some city or town in this Commonwealth where the sale of ale, porter and lager bier is prohibited by law." The judge overruled the motion, and the trial having been had, the jury returned a verdict condemning part of the liquors, and the claimant alleged exceptions.

*N. St. J. Green*, for the claimant. The St. of 1869, *c.* 415, § 30, provides that no person shall sell " any spirituous or intoxicating liquor, or any mixed liquor part of which is spirituous or intoxicating, unless he is authorized as provided in this act. Ale, porter, strong beer, lager bier, and all wines shall be considered intoxicating within the meaning of this act, as well as distilled spirits ; but this enumeration shall not prevent any other pure or mixed liquors from being regarded as intoxicating." The averment should have been " that intoxicating liquors, to wit : a certain quantity of mixed liquor part of which is intoxicating," &c., or " that intoxicating liquors, to wit : a certain quantity of intoxicating mixed liquors," &c. The defect is not aided by the use of the word " intoxicating " before the videlicet, because by his subsequent matter the pleader shows that his previous allegation may be false, and therefore the requisite certainty is wanting. *Rough's case*, 2 East P. C. 607, 777. *Regina* v. *Cox*, 1 C. & K. 494. *Rex* v. *Lonsdale*, 4 F. & F. 56. *Commonwealth* v. *Beaman*, 8 Gray, 497. The allegation after the videlicet cannot be rejected as surplusage, because a special designation of the articles to be searched for is required ; Declaration of Rights, Art. 14 ; St. 1869, *c.* 415, § 66 ; and because it is matter of description.

2. It does not appear that the claimant had not a right to sell ale, porter and lager bier ; he did not need any authority to sell, for all sales are lawful which are not forbidden by law, and the sale of such liquors in towns that have voted affirmatively under the St. of 1871, *c.* 334, is not forbidden by law.

*C. R. Train*, Attorney General, for the Commonwealth.

GRAY, J. Notwithstanding the ingenious argument that has been made in behalf of the claimant, the court is of opinion that neither of his exceptions can be sustained.

1. In the description in the complaint, there is no repugnancy between the words preceding and those following the videlicet ; for mixed liquors, as the statute in terms recognizes, may be intoxicating, as well as pure liquors of various kinds, whether enumerated or not in the statute or in this complaint. St. 1869 *c.* 415, § 30. The word " intoxicating " in this complaint is to be taken as qualifying not only the word " liquors " before the

videlicet, but the specific descriptions of different liquors which follow it. The mixed liquors are therefore sufficiently alleged to be intoxicating.

2. The clauses in the complaint, negativing all authority in the claimant to sell the liquors, exclude any legal right in him to sell the same, by virtue of the vote of a city or town, or otherwise. *Commonwealth* v. *Bennett,* 108 Mass. 27. *Commonwealth* v. *Grady,* Ib. 412. *Exceptions overruled.*