COMMONWEALTH *vs.* MICHAEL DUNN.

An indictment, under the Gen. Sts. *c.* 87, §§ 6, 7, for keeping a tenement at N. for the illegal sale and keeping of intoxicating liquors, without having any license, appointment or authority, first duly had and obtained according to law, to keep or sell such liquors, sufficiently negatives any right of the defendant to keep or sell by virtue of a vote of the town of N. under the St. of 1871, *c.* 334.

INDICTMENT under the Gen. Sts. *c.* 87, §§ 6, 7, charging that the defendant at Natick, on July 12, 1872, without having any license, appointment or authority, first duly had and obtained according to law, to keep intoxicating liquors for sale, and without having any license, appointment or authority, first duly had and obtained according to law, to sell intoxicating liquors, did maintain a tenement for the illegal sale and illegal keeping of intoxicating liquors. At the trial in the Superior Court in Middlesex, before the jury were empanelled, the defendant moved to quash the indictment because it contained no allegation that the intox-

icating liquor therein mentioned was other than ale, porter, strong beer or lager bier ; but *Lord*, J., overruled the motion.

It appeared that the town of Natick, by a vote passed May 17, 1872, under the St. of 1871, *c.* 334, authorized the sale of ale, porter, strong beer, and lager bier in the town.

The jury returned a verdict of guilty, and the judge, at the request of the defendant, reported the case for the consideration of this court.

*F. F. Heard*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

BY THE COURT. The only question reserved is upon the motion to quash the indictment for alleged defects therein ; and the indictment is sufficient, as has been often decided. *Commonwealth* v. *Grady*, 108 Mass. 412, and cases cited. *Commonwealth* v. *Intoxicating Liquors*, 110 Mass. 416.

*Judgment on the verdict.*

