## HOPT *v*. PEOPLE.

1. Under a statute establishing degrees of the crime of murder, and providing that wilful, deliberate, malicious, and premeditated killing shall be murder in the first degree, evidence that the accused was intoxicated at the time of the killing is competent for the consideration of the jury upon the question whether he was in such a condition of mind as to be capable of deliberate premeditation.
2. Under a statute which requires the instructions of the judge to the jury to be reduced to writing before they are given, and provides that they shall form part of the record and be subjects of appeal, it is error to give an instruction not reduced to writing otherwise than by a reference to a certain page of a law magazine.

ERROR to the Supreme Court of the Territory of Utah.

The facts are stated in the opinion of the court.

*Mr. John R. McBride* and *Mr. J. G. Sutherland* for the plaintiff in error.

*The Solicitor-General, contra.*

MR. JUSTICE GRAY delivered the opinion of the court.

The plaintiff in error was indicted, convicted, and sentenced for the crime of murder in the first degree in the District Court of the Third Judicial District of the Territory of Utah, and presented a bill of exceptions, which was allowed by the presiding judge, and from his judgment and sentence appealed to the Supreme Court of the Territory, and that court having affirmed the judgment and sentence, he sued out a writ of error from this court. Of the various errors assigned, we have found it necessary to consider two only.

The Penal Code of Utah contains the following provisions: "Every murder perpetrated by poison, lying in wait, or any other kind of wilful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, rape, burglary, or robbery; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any other human being, other than him who is killed; or perpetrated by any act greatly dangerous to the lives of others, and evidencing a depraved mind regardless of human life, — is murder in the first degree; and any other homicide, committed under such circumstances as would have constituted murder at common law, is murder in the second degree." Sect. 89. "Every person guilty of murder in the first degree shall suffer death, or, upon the recommendation of the jury, may be imprisoned at hard labor in the penitentiary for life, at the discretion of the court; and every person guilty of murder in the second degree shall be imprisoned at hard labor in the penitentiary for not less than five nor more than fifteen years." Sect. 90. Compiled Laws of Utah of 1876, pp. 585, 586.

By the Utah Code of Criminal Procedure, the charge of the judge to the jury at the trial "must be reduced to writing before it is given, unless by the mutual consent of the parties it is given orally" (sect. 257, cl. 7); the jury, upon retiring for deliberation, may take with them the written instructions given (sect. 289); and "when written charges have been presented, given, or refused, the questions presented in such charges need not be excepted to or embodied in a bill of exceptions, but the written charges or the report, with the indorsements showing the action of the court, form part of the record, and any error in the decision of the court thereon may be taken advantage of on appeal, in like manner as if presented in a bill of exceptions." Sect. 315. Laws of Utah of 1878, pp. 115, 121, 126.

It appears by the bill of exceptions that evidence was introduced at the trial tending to show that the defendant was intoxicated at the time of the alleged homicide.

The defendant's fifth request for instructions, which was indorsed "refused" by the judge, was as follows: "Drunken-

ness is not an excuse for crime; but as in all cases where a jury find a defendant guilty of murder they have to determine the degree of crime, it becomes necessary for them to inquire as to the state of mind under which he acted, and in the prosecution of such an inquiry his condition as drunk or sober is proper to be considered, where the homicide is not committed by means of poison, lying in wait, or torture, or in the perpetration of or attempt to perpetrate arson, rape, robbery, or burglary. The degree of the offence depends entirely upon the question whether the killing was wilful, deliberate, and premeditated; and upon that question it is proper for the jury to consider evidence of intoxication, if such there be; not upon the ground that drunkenness renders a criminal act less criminal, or can be received in extenuation or excuse, but upon the ground that the condition of the defendant's mind at the time the act was committed must be inquired after, in order to justly determine the question as to whether his mind was capable of that deliberation or premeditation which, according as they are absent or present, determine the degree of the crime."

Upon this subject the judge gave only the following written instruction: " A man who voluntarily puts himself in a condition to have no control of his actions must be held to intend the consequences. The safety of the community requires this rule. Intoxication is so easily counterfeited, and when real is so often resorted to as a means of nerving a person up to the commission of some desperate act, and is withal so inexcusable in itself, that law has never recognized it as an excuse for crime."

The instruction requested and refused, and the instruction given, being matter of record and subjects of appeal under the provision of the Utah Code of Criminal Procedure, sect. 315, above quoted, their correctness is clearly open to consideration in this court. *Young* v. *Martin,* 8 Wall. 354.

At common law, indeed, as a general rule, voluntary intoxication affords no excuse, justification, or extenuation of a crime committed under its influence. *United States* v. *Drew,* 5 Mas. 28; *United States* v. *McGlue,* 1 Curt. 1; *Commonwealth* v. *Hawkins,* 3 Gray (Mass.), 463; *People* v. *Rogers,* 18

N. Y. 9.   But when a statute establishing different degrees of murder requires deliberate premeditation in order to constitute murder in the first degree, the question whether the accused is in such a condition of mind, by reason of drunkenness or otherwise, as to be capable of deliberate premeditation, necessarily becomes a material subject of consideration by the jury. The law has been repeatedly so ruled in the Supreme Judicial Court of Massachusetts in cases tried before a full court, one of which is reported upon other points (*Commonwealth* v. *Dorsey,* 103 Mass. 412); and in well-considered cases in courts of other States. *Pirtle* v. *State,* 9 Humph. (Tenn.) 663; *Haile* v. *State,* 11 id. 154; *Kelly* v. *Commonwealth,* 1 Grant (Pa.), Cas. 484; *Keenan* v. *Commonwealth,* 44 Pa. St. 55; *Jones* v. *Commonwealth,* 75 id. 403; *People* v. *Belencia,* 21 Cal. 544; *People* v. *Williams,* 43 id. 344; *State* v. *Johnson,* 40 Conn. 136, and 41 id. 584; *Pigman* v. *State of Ohio,* 14 Ohio, 555, 557.   And the same rule is expressly enacted in the Penal Code of Utah, sect. 20: " No act committed by a person while in a state of voluntary intoxication is less criminal by reason of his having been in such condition.   But whenever the actual existence of any particular purpose, motive, or intent is a necessary element to constitute any particular species or degree of crime, the jury may take into consideration the fact that the accused was intoxicated at the time, in determining the purpose, motive, or intent with which he committed the act."   Compiled Laws of Utah of 1876, pp. 568, 569.

The instruction requested by the defendant clearly and accurately stated the law applicable to the case; and the refusal to give that instruction, taken in connection with the unqualified instruction actually given, necessarily prejudiced him with the jury.

One other error assigned presents a question of practice of such importance that it is proper to express an opinion upon it, in order to prevent a repetition of the error upon another trial.

By the provisions of the Utah Code of Criminal Procedure, already referred to, the charge of the judge to the jury at the trial must be reduced to writing before it is given, unless the parties consent to its being given orally; and the written

charges or instructions form part of the record, may be taken by the jury on retiring for deliberation, and are subjects of appeal. The object of these provisions is to require all the instructions given by the judge to the jury to be reduced to writing and recorded, so that neither the jury, in deliberating upon the case, nor a court of error, upon exceptions or appeal, can have any doubt what those instructions were; and the giving, without the defendant's consent, of charges or instructions to the jury, which are not so reduced to writing and recorded, is error. *Feriter* v. *State*, 33 Ind. 283; *State of Missouri* v. *Cooper*, 45 Mo. 64; *People* v. *Sanford*, 43 Cal. 29; *Gile* v. *People*, 1 Col. 60; *State* v. *Potter*, 15 Kan. 302.

The bill of exceptions shows that the presiding judge, after giving to the jury an instruction requested in writing by the defendant upon the general burden of proof, proceeded of his own motion, and without the defendant's consent, to read from a printed book an instruction which was not reduced to writing, nor filed with the other instructions in the case, but was referred to in writing in these words only: " Follow this from Magazine American Law Register, July, 1868, page 559; " and that to the instruction so given an exception was taken and-allowed.

This was a clear disregard of the provisions of the statute. The instruction was not reduced to writing, filed, and made part of the record, as the statute required. If the book was not given to the jury when they retired for deliberation, they did not have with them the whole of the instructions of the judge, as the statute contemplated. If they were permitted to take the book with them without the defendant's consent, that would of itself be ground of exception. *Merrill* v. *Nary*, 10 Allen (Mass.), 416.

For these reasons, the judgment must be reversed, and the case remanded with instructions to set aside the verdict and order a

*New trial.*