SEYMOUR STATE BANK, Appellant, vs. RETTLER, Respondent.

*December 4, 1917—January 5, 1918.*

*Appeal: Reversal of judgment: Remanding for "further proceedings:"
Power of trial court to allow amendment of pleadings: Appealable orders.*

1. Where by the judgment of the supreme court on a former appeal the judgment of the circuit court was reversed and the cause remanded "for further proceedings according to law," the case, upon being remitted, stood upon the pleadings as if no judgment had theretofore been rendered in the trial court, and that court had power to permit the answer to be amended.
2. Under sec. 3069, Stats., an order permitting amendment of the answer is not appealable.

APPEAL from an order of the circuit court for Outagamie county: EDGAR V. WERNER, Circuit Judge. *Dismissed.*

This action was originally brought to recover on a promissory note against John J. Rettler and *Matt Rettler.* Upon a stipulation which is set forth in 164 Wis. 619, at p. 620, 160 N. W. 1084, where the case is reported on a former appeal, this court reversed the judgment appealed from and remanded the case to the circuit court "for further proceedings according to law."

On March 22, 1917, the *remittitur* was filed with the clerk of the circuit court. May 4, 1917, the plaintiff served notice on the defendant that it would move "for judgment on the evidence, the records, the plaintiff's briefs, and the entire proceedings in the case." Francis S. Bradford, attorney for the respondent, had not asked of the court to file an amended answer, but with his brief opposing the plaintiff's motion for judgment he filed an affidavit and asked the court for an order allowing the answer to be amended. The circuit court held (1) that the appellate court did not decide whether the plaintiff's attorneys had special authority to dismiss the action on its merits; (2) that the appellate court did

decide that the judgment of the trial court be reversed, and the cause remanded for further proceedings according to law; (3) that if the appellate court had decided the case on its merits it would have ordered judgment for the plaintiff instead of reversing the judgment of the trial court and remanding the action for further proceedings according to law.

The circuit court ordered that the motion of the plaintiff for judgment be denied and that the motion of the defendant to file an amended answer be granted. It was further ordered that the defendant file and serve his amended answer on the plaintiff's attorney within twenty days, and that the action be placed on the calendar for further proceedings according to law, pursuant to the order of the appellate court.

From this order of the circuit court allowing the defendant to amend his answer this appeal is taken.

For the appellant there were briefs by *Lehner & Lehner* of Oconto Falls, and oral argument by *Philip Lehner* and *Adolph P. Lehner*.

For the respondent the cause was submitted on the brief of *Francis S. Bradford* of Appleton.

SIEBECKER, J. It is contended that the mandate of this court on the former appeal of this case, whereby the cause was remanded "for further proceedings according to law" in the circuit court, authorized the circuit court to do but one thing, namely, to enter judgment on the record. The power of this court on appeal from a judgment or order or upon writ of error, as defined in sec. 3071, Stats., clearly contemplates that the judgment of this court be enforced in the trial court upon the filing of the *remittitur.* The mandate of this court on the former appeal clearly excludes a direction for entry of any judgment by the circuit court, but explicitly orders that the cause be remanded for "further proceedings," and the former judgment in the case was reversed by this court. After the case had been remitted to the circuit court

it stood upon the pleadings as if no judgment had theretofore been rendered by the trial court upon the stipulation in the case and permitted the parties, by order of the court, to frame the issues in the same manner as though the judgment which this court reversed on appeal had never been entered. Under these circumstances the competency of the trial court to permit the amendment of the pleadings seems beyond question. We are persuaded that the circuit court acted within its power in ordering the amendment to the answer. This order of the court allowing the amendment of the answer is not an appealable order within the provisions of sec. 3069, Stats., and this appeal must therefore be dismissed.

*By the Court.*—The appeal is dismissed.