BUTLER BROS., Appellant, v. MASON et al, Defendants (BURNETT, Respondent).

(217 N. W. 510.)

(File No. 6105.   Opinion filed January 16; 1928.)

*Walker & Gurley,* of Armour, for Appellant.
*E. P. Wanzer,* of Armour, for Respondent.

BURCH, P. J.   Prior to August 20, 1921, defendant Mason had been engaged in the photograph business in Armour, and in connection with the business sold musical supplies, cigars, confectionery, and notions.   On that date, defendant Burnett bought Mason's business and property used in connection with the business.   An attempt was made by the parties to this transaction to comply with the Bulk Sales Law.   Plaintiff at the time was a creditor of Mason, and later brought this action to recover of Burnett, because it was claimed that Burnett had not complied with the Bulk Sales Law and was therefore liable to plaintiff under its provisions.   Issue was joined, and on the trial the lower court found that Burnett had complied with the Bulk Sales Law (Rev. Code 1919, §§ 914-921) and was an innocent purchaser of the property, and rendered judgment dismissing the action as to Burnett.   On appeal to this court the judgment was reversed, and the cause remanded.   47 S. D. 308, 198 N. W. 560.   After the remand, plaintiff objected to a retrial of the case and to the taking of any further evidence, and moved the court to strike out finding No. 8, and to amend the conclusion of law and render judgment in favor of plaintiff.   The objection was overruled and motion denied.   Finding No. 8 was the finding on which the reversal of the first appeal was based; and it is contended the remand left to the lower court no alternative, but was in effect a direction to the trial court to amend its findings and conclusions to conform to the views expressed in the opinion.   The opinion concluded with these words, "remanded for further proceedings in harmony herewith."   New evidence was taken, consisting principally of a schedule of the items of property purchased and a statement from Burnett that he did not purchase the property for the purpose of resale in retail trade.   The court again made findings of fact identical with those made on the first trial, except there was added thereto finding No. 9 to the effect that the property purchased consisted of two city lots with a photograph gallery building thereon and the furniture and studio equipment contained in said building and necessary for the running and operation of such photograph building, and was purchased for such purpose and not for the purpose of selling to customers, and thereupon concluded that the property purchased was not a "stock of merchandise" or of "merchandise and fixtures" as defined and contemplated by the

Bulk Sales Law, and rendered judgment for Burnett. Plaintiff appeals from the judgment and an order denying a motion for new trial.

There are but two questions that need be noticed: First. Did the trial court err in refusing to amend the findings and conclusions of law to conform to the decision on the first appeal, and in retrying the case? (Second. If a retrial was proper, was the issue of the applicability of the Bulk Sales Law to the transaction opened for adjudication on such trial.

The first question may be answered on the authority of Schnepper v. Whiting, 18 S. D. 38, 99 N. W. 84. That case was a proceeding in mandamus to compel the circuit court to retry a case reversed on appeal and "remanded for further proceedings according to law and the decision of this court." It was held that this court had power to direct the entry of a particular judgment, or a retrial, and that, not having directed a particular judgment, such words (those quoted above) must be accepted as a direction to the trial court to retry the case, and that, whenever the circumstances are such that the cause should not be retried, this court will clearly indicate its opinion to that effect. We think this rule is best adapted to avoid confusion in such matters, and therefore adhere to it.

Concerning the second question: There was no change in the pleadings on the second trial. If the pleadings did not present the issue of applicability of the Bulk Sales Law to the transaction in the first trial it is not presented in the second. Without deciding the sufficiency of the pleadings to present the issue, we consider it as presented. On the first trial it was tacitly conceded that the Bulk Sales Law did apply, and the case was tried and all questions on appeal were considered on that theory. This court on that theory decided that respondent Burnett was not a good-faith purchaser, because he had not complied with the Bulk Sales Act. If the act was not applicable, such decision could not be reached, so this court necessarily adjudicated that question adversely to respondent. Such adjudication has not been reversed, and was res judicata on the second trial. The fact that this issue was not contested makes no difference, if its decision was necessary to the conclusion reached. No one would contend that, if the issue had been contested and properly presented this court

could have reached its decision without first deciding that respondent was liable under the Bulk Sales Act.

The judgment and order appealed from are reversed, with direction to the trial court to amend its findings of fact by striking out its eighth and ninth findings, amend its conclusions of law in harmony with this and the former opinion, and render judgment in favor of appellant.

POLLEY, SHERWOOD, CAMPBELL, and BROWN, JJ., concur.