## CARBONELL v. PEOPLE OF PORTO RICO.

Circuit Court of Appeals, First Circuit.
June 28, 1928.

No. 2193.

1. Criminal law ☜193—That new trial of one convicted of manslaughter not limited to that offense was not double jeopardy (Porto Rican Organic Act, § 2 [48 USCA § 737]; Const. U. S. Amend. 5).

The double jeopardy clause of the Porto Rican Organic Act, § 2 (48 USCA § 737), must be given the same interpretation as the corresponding provision in Const. U. S. Amend. 5, and thereunder one whose conviction of manslaughter under an indictment for murder was reversed was not subjected to double jeopardy, because the new trial was not limited to manslaughter.

2. Statutes ☜226—Porto Rican Organic Act did not adopt construction of double jeopardy provisions by California courts (Porto Rican Organic Act, § 57 [48 USCA § 735]).

Porto Rican Organic Act, § 57 (48 USCA § 735), continuing existing laws and ordinances in force and effect, did not thereby adopt construction by California courts of double jeopardy provisions, though Porto Rican Penal Code is largely identical with California Penal Code, especially in view of Porto Rican Code Cr. Proc. § 302.

3. Courts ☜406(1)—Questions of admissibility of evidence not reviewable on writ of error to Supreme Court of Porto Rico as involving due process.

On writ of error to Supreme Court of Porto Rico, purely local questions as to admissibility of evidence and statements of prosecuting officer are not reviewable as involving due process clause.

In Error to the Supreme Court of Porto Rico.

Victor A. Carbonell was convicted of manslaughter, the judgment was affirmed by the Supreme Court of Porto Rico, and he brings error. Affirmed.

J. Henri Brown, of San Juan, Porto Rico, for plaintiff in error.

William Cattron Rigby, of Washington, D. C., and George C. Butte, Atty. Gen. (J. A. Lopez Acosta, of San Juan, Porto Rico, of counsel), for the People of Porto Rico.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. The main question in this case is whether Carbonell was subjected to double jeopardy, contrary to section 2 of the Porto Rican Organic Act, 39 Stat. 951, 48 USCA § 737.

Carbonell was indicted for the murder of Alfredo Martinez on January 16, 1923. At the first trial, in the district court for Mayaguez, he was found guilty of manslaughter only. On his appeal to the Supreme Court of Porto Rico, the judgment was reversed for error in constituting the jury. People of Porto Rico v. Carbonell, 34 Porto Rico ——. At the second trial, the defendant pleaded the former conviction as an acquittal of the higher offense and a bar to further prosecution for murder. This plea was overruled. He was tried de novo, and again found guilty of manslaughter. This judgment was affirmed by the Supreme Court of Porto Rico.

The case comes here on a writ of error, with assignments alleging double jeopardy, and also that the defendant was deprived of due process of law by rulings admitting statements by the prosecuting attorney and evidence tending to show that the defendant had made love to the wife of Martinez. We assume, without deciding, that the trial for murder may have prejudiced his defense, although he was found guilty of manslaughter only.

[1] The gist of the contention as to double jeopardy is that the defendant's conviction at the first trial for manslaughter amounted to an acquittal of the greater offense, murder, and that the second trial must be confined to manslaughter. Such construction of the double jeopardy provision has obtained in some states; but it has been rejected by the United States Supreme Court. Trono v. United States, 199 U. S. 521, 530, 533, 26 S. Ct. 121, 50 L. Ed. 292, 4 Ann. Cas. 773. The same rule is stated by a unanimous court in Stroud v. United States, 251 U. S. 15, 40 S. Ct. 50, 64 L. Ed. 103. Compare United States v. Ball, 163 U. S. 662, 672, 16 S. Ct. 1192, 41 L. Ed. 300; Kepner v. United States, 195 U. S. 100, 135, 24 S. Ct. 797, 49 L. Ed. 114, 1 Ann. Cas. 655, and the cases cited in the dissenting opinion of Mr. Justice Holmes; Hopt v. Utah, 104 U. S. 631, 635, 26 L. Ed. 873; Commonwealth v. Gould, 12 Gray (Mass.) 171, 173. People v. Dowling, 84 N. Y. 478, 483; People v. Palmer, 109 N. Y. 413, 419, 17 N. E. 213, 4 Am. St. Rep. 477. For a list of cases in which the reverse doctrine has been sustained, see footnote to the dissenting opinion in the Trono Case, 199 U. S. 540, 541, 26 S. Ct. 121, 50 L. Ed. 292, 4 Ann. Cas. 773.

[2] Learned counsel for the defendant seek

to escape from these decisions by resorting to an ingenious, but far-fetched and untenable, argument that Congress has, by section 57 of the Organic Act (48 USCA § 735), adopted the construction of the double jeopardy provision which is rejected by the Supreme Court of the United States. In outline, this argument runs as follows: The Porto Rican Penal Code is, in large part, identical with the California Penal Code; the Supreme Court of Porto Rico has generally followed the decisions of the Supreme Court of California in construing identical provisions; and in that court the double jeopardy provision is given the construction rejected by the Supreme Court of the United States. Under section 57 of the Organic Act, passed in 1917, it is provided "that the laws and ordinances of Porto Rico now in force shall continue in force and effect, except as altered, amended, or modified herein, until altered, amended, or repealed by the legislative authority herein provided for Porto Rico or by act of Congress of the United States." Hence it is argued that the California interpretation of the double jeopardy provision was adopted by Congress as a part of the Organic Act.

We cannot accept that proposition. It is inconceivable that Congress (if it had power) intended, in 1917, to adopt for Porto Rico a construction of the double jeopardy provision inconsistent with the Supreme Court's prior and outstanding interpretation of the corresponding provision in the Fifth Amendment. Moreover, section 302 of the Porto Rican Code of Criminal Procedure is at least declaratory of the rule adopted by the Supreme Court of the United States. It reads:

"The granting of a new trial places the parties in the same position as if no trial had been had. All the testimony must be produced anew, and the former verdict cannot be used or referred to either in evidence or in argument, or be pleaded in bar of any conviction which might have been had under the information."

If, by remote implication, Congress intended to approve anything, it was this statute, and not a contrary interpretation of the double jeopardy provision (People v. Gordon, 99 Cal. 228, 232, 33 P. 901; People v. McFarlane, 138 Cal. 481, 483, 71 P. 568, 72 P. 48, 61 L. R. A. 245) by the Supreme Court of California. Compare Tiaco v. Forbes, 228 U. S. 549, 558, 33 S. Ct. 585, 57 L. Ed. 960; Fajardo Sugar Co. v. Holcomb (C. C. A.) 16 F.(2d) 92, 96.

In effect, we are asked to hold this statute inconsistent with the Organic Act (39 Stat. 951), because the Supreme Court of California has so held as to the like California statute. The decisions of that court may by the Supreme Court of Porto Rico properly be held persuasive, when not inconsistent with applicable decisions of the Supreme Court of the United States or of this court. But it is needless to say they are persuasive only. Binding decisions are those of the Supreme Court of the United States or of this court. And the Supreme Court of Porto Rico has in this case declined to follow the California court. This ruling was right.

Without further elaboration, we regard it as too plain for serious discussion that the double jeopardy clause in the Organic Act of Porto Rico is to be given the same interpretation as the corresponding provision in the Fifth Amendment.

[3] The other assignments grounded on alleged lack of due process are, as the Supreme Court of Porto Rico characterizes them, frivolous. They raise purely local questions as to the admissibility of evidence and statements of the prosecuting officer. To hold alleged errors in this regard here reviewable under the due process clause would amount to ruling that the federal courts have power to review practically all state trials. Of course that cannot be so. See Frank v. Mangum, 237 U. S. 309, 35 S. Ct. 582, 59 L. Ed. 969; Moore v. Dempsey, 261 U. S. 86, 43 S. Ct. 265, 67 L. Ed. 543.

The judgment of the Supreme Court of Porto Rico is affirmed.