[No. 22437. Department One. August 26, 1930.]

STELLA C. ROUSSEAU, *Appellant,* v. FRANK ROSCHE, *Respondent.*[1]

[1]Reported in 290 Pac. 806.

*Edwin H. Flick* and *A. R. Rutherford*, for appellant.
*Hayden, Langhorne & Metzger,* for respondent.

PARKER, J.—This is an appeal by Mrs. Rousseau, individually and as administratrix of the estate of her deceased husband, from a judgment of the superior court for King county dismissing her action in that court, wherein she seeks recovery against the defendant, Rosche, upon a claimed obligation growing out of his partnership relation with her deceased husband. The theory upon which the judgment of dismissal was rested by the trial judge and upon which it is sought to be sustained here, is that it was rendered in obedience to the mandate of this court upon reversal of a former judgment of the superior court rendered in the action, which judgment awarded to Mrs. Rousseau recovery against Rosche and other defendants.

A former trial of the cause upon the merits in the superior court, sitting with a jury, resulted in verdict and judgment awarding to Mrs. Rousseau recovery against all of the defendants in the sum of $12,500. From that judgment, all of the defendants appealed to this court. In due course, that judgment was reversed by our decision (*Rousseau v. Rosche*) reported in 153 Wash. 54, 279 Pac. 80, because of trial errors and because of it being excessive in amount. The judgment of reversal entered following that decision, in so far as need be here noticed, reads:

312

"This cause having been heretofore submitted to the court, upon the transcript of the record of the superior court of King county, and upon the argument of counsel, and the court having fully considered the same, and being fully advised in the premises, it is now, on this 11th day of October, A. D. 1929, on motion of Hayden, Langhorne & Metzger, of counsel for appellants, considered, adjudged and decreed, that the judgment of the said superior court be, and the same is, hereby reversed. . . . And it is further ordered, that this cause be remitted to the said superior court for further proceedings, . . ."

Upon the going down of the remittitur, counsel for the defendants moved the superior court for final judgment of dismissal of the action. Counsel for Mrs. Rousseau tendered and asked leave to file her third amended complaint (the former trial being upon her second amended complaint), wherein she sought recovery against the defendant Rosche alone upon substantially the same ground she had sought recovery against him upon the former trial. Rosche's motion for final judgment upon the remittitur and Mrs. Rousseau's motion for leave to file her tendered third amended complaint being submitted to the court for disposition, the court denied her leave to file her tendered third amended complaint, and entered judgment finally disposing of the action by judgment which, in so far as need be here noticed, reads as follows:

"ORDER, ADJUDGE AND DECREE, as follows:

"1. The aforesaid judgment of this court entered herein October 6, 1928, be and the same is hereby vacated, set aside and wholly annulled.

"2. That the plaintiff, individually and as administratrix of the estate of Orville M. Rousseau, deceased, take nothing by reason of her complaint herein or any amendment thereof, but that the same and this action based thereon be and they are hereby dismissed . . ."

It is from this judgment that this appeal is prosecuted.

 It is contended in behalf of Rosche that the judgment was rendered in conformity with the reversal decision and judgment of this court, and that therefore it should not be disturbed upon this appeal. We cannot agree with this contention. The reversal decision and judgment, it is true, did not, in terms, award Mrs. Rousseau a new trial, but it did not finally dispose of the cause upon the merits or direct any final judgment to be rendered by the superior court. It only directed "that this cause be remitted to the superior court for further proceedings." The then condition of the case in the superior court was substantially the same as that drawn in question in this court in *Richardson v. Carbon Hill Coal Co.*, 18 Wash. 368, 51 Pac. 402, 1046, wherein Judge Dunbar, speaking for the court, said:

"The case was reversed without any special order as to further proceedings, but this does not negative the idea that the pleadings can be amended, or that any other proceedings may be taken in the lower court. The usual course is, when a judgment is reversed, that the case is tried over, in the absence of any order of this court to the contrary. If the judgment below had been against the plaintiff for the reason that his complaint was not sufficient, his case would have ended in the absence of a reversal by this court; but, having obtained judgment below, and that judgment being reversed by this court upon errors occurring at the trial, the reversal is not out of the ordinary channel of reversals, and, upon filing an amended complaint in harmony with the conclusions of this court in relation to the pleadings, we see no reason why the appellant would not be entitled to a trial of his case."

In *State ex rel. Moore & Co. v. Superior Court*, 97 Wash. 250, 166 Pac. 628, this view was adhered to, though therein it was held that the principal issues

were finally determined upon the appeal, leaving the superior court to determine only the minor matters of the allowance of a proper amount of attorney's fees and the taxation of costs. In that decision, it was said:

"The respondent admits that the lower court has no power to do other than obey the mandate of this court, and then proceeds to argue that the form of our mandate was the grant of a discretion to the lower tribunal, citing authorities from other jurisdictions wherein it is held that such a mandate warrants a new trial in the lower court. There are doubtless numerous instances when such an inference might naturally arise from the nature of the questions before an appellate court and its method of disposing of them. While it is the practice in this court in remanding an action necessitating a new trial to so distinctly state in its mandate, we would not deny the right to a new trial under a suitable mandate for further proceedings after reversal, if it was fairly apparent from our discussion of the case that the cause was remanded with that object in view."

It seems to us that our reversal decision and judgment was plainly not a final disposition of the case upon the merits or a direction to the superior court for such disposition as against Mrs. Rousseau. Indeed, our decision and remittitur plainly suggest that she may be entitled to recover against Rosche for some smaller amount than that which was awarded her by the verdict and judgment rendered thereon, which was reversed.

It is further contended in behalf of Rosche, in support of his motion to dismiss this appeal, that the judgment is not appealable because entered upon a remittitur from this court. So contending, counsel rely upon our decision in *Frye v. King County,* 157 Wash. 291, 289 Pac. 18, wherein we held that a judgment of the superior court entered upon a remittitur from

this court following its decision, which directed the trial court to enter judgment in accordance with the decision which rendered it plain just what the judgment should be, was not appealable.

We are not here confronted with that situation. Upon the reversal of the former judgment for trial errors only, with only the general direction that "the cause be remitted to the superior court for further proceedings," the case remained pending in that court for trial again. To award judgment of dismissal upon the merits in favor of Rosche, while Mrs. Rousseau sought disposition of the cause against him upon the merits, was, we think, plainly erroneous. Such judgment is appealable the same as if a new trial had been awarded in express terms by our reversal decision and judgment.

We are not here concerned with possible error in the dismissal of the case in favor of the other defendants, since Mrs. Rousseau is not here complaining of that. It appears to us from this record that Mrs. Rousseau's right of recovery against Rosche is not dependent upon her right of recovery against the other defendants.

Some contention is made in behalf of Rosche that, because of there being embodied in Mrs. Rousseau's petition for rehearing in this court, upon the former appeal, an alternative request that our decision be so amended as to specifically direct the granting of a new trial in the superior court, our denial of the petition was, in effect, a construing of our decision as a direction meaning that judgment of dismissal be rendered against Mrs. Rousseau. The fact that we did not, in terms, so amend our decision, as we now view the situation, is evidence that we did not regard it as necessary to do so, to the end that Mrs. Rousseau be awarded a new trial.

We conclude that the judgment must be reversed and

316

the cause remanded to the superior court with directions to award Mrs. Rousseau a new trial, with privilege on her part to file a third amended complaint suitable to the end that she may have a new trial as against Rosche, if she desires to proceed against him alone.

MITCHELL, C. J., TOLMAN, BEALS, and FRENCH, JJ., concur.