POWER BUILDING AND LOAN ASSOCIATION, PLAINTIFF-RESPONDENT, v. AJAX FIRE INSURANCE ·COMPANY, DEFENDANT-APPELLANT.

Submitted October 27, 1933—Decided January 12, 1934.

For the appellant, *John S. Foster.*

For the respondent, *Joseph Kraemer* and *Edward Gaulkin.*

PER CURIAM.

This cause was previously before this court and the judgment then under review was reversed solely because the stipulated facts before the trial court did not "disclose whether the amount brought at this foreclosure sale was sufficient to satisfy the plaintiff's mortgage in full or whether it was insufficient for that purpose * * *."

The cause went back to the trial court and a retrial resulted in the judgment in favor of the plaintiff now under review. At this retrial the proofs lacking at the first trial were supplied.

Upon this appeal the grounds for reversal argued, with one exception, are exactly the same presented under the former appeal and by us disposed of adversely to the appellant as clearly appears from an opinion of the late Chief Justice Gummere, reported in 110 *N. J. L.* 256.

The additional ground for reversal, before referred to, is urged under point 5 of appellant's brief and is: "That the retrial of this action was barred by the period of limitations in the policy."

Here it is urged that the judgment of this court upon the previous appeal amounted to a finding that at the first trial the plaintiff below should have been nonsuited and that, therefore, the second trial, resulting in the judgment now under review, was erroneous, and was in fact the trial of a new action commenced more than twelve months next after the fire, in violation of an express provision to the contrary in the contract of insurance.

The first judgment was reversed for want of proof of loss to the plaintiff and the cause remitted to the trial court "to be proceeded with in accordance with this judgment and the practice of said court."

It is to be noted that this court reversed the first judgment for total lack of proof of loss to the plaintiff, and that the cause was remitted generally to the trial court without specific direction as to the entry of any particular judgment as between the parties.

Where this is the situation, a retrial is called for and proper. 4 *C. J.* 1239, § 3299; *Shotwell's Executors* v. *Dennman,* 1 *N. J. L.* 296; *Osborne* v. *Tunis,* 25 *Id.* 633, 664; *Passaic National Bank* v. *Knapp,* 110 *Id.* 16; *affirmed,* 10 *N. J. Mis. R.* 190. In the last of these cited cases a trial was had in the District Court, upon a promissory note whereon Knapp was an endorser and judgment went against him. Upon appeal the Supreme Court reversed the judgment as to Knapp for lack of proof of proper notice of dishonor and the *remittitur* read: "It is thereupon ordered that the judgment of the said District Court be in all things reversed so far as the same pertains to the defendant-appellant Karl Knapp set aside and for nothing holden; costs of appeal to this court to be taxed and the records and proceedings remitted to the said Passaic District Court to be proceeded with in accordance with this judgment and the practice of said court."

This presents a situation practically the same as that now before us.

The plaintiff below moved the cause for retrial against the defendant Knapp, who appeared specially and urged that the trial court was without jurisdiction. Such motion was denied and a retrial resulted again in a judgment against Knapp. He again appealed to the Supreme Court and upon the question of the right of the District Court to again take jurisdiction and retry the cause the appellate court held: "No error is found in the court below having retained jurisdiction of the case, after the previous opinion herein and *remittitur,* without new process. While the Supreme Court reversed the judgment in favor of the plaintiff there was no direction of a judgment in favor of the defendant." As previously stated this was affirmed by this court.

There is, therefore, no legal merit in the point urged.

The judgment under review is affirmed, with costs.

*For affirmance*—The Chancellor, Chief Justice, Tren-chard, Parker, Lloyd, Case, Bodine, Donges, Heher, Perskie, Van Buskirk, Kays, Hetfield, Dear, Wells, Dill, JJ.   16.

*For reversal*—None.