## DISTRICT OF COLUMBIA v. HUFFMAN.

### No. 267.

Municipal Court of Appeals for the District of Columbia.

May 9, 1945.

Rehearing Denied May 18, 1945.

Vernon E. West, Principal Asst. Corp. Counsel, of Washington, D. C. (Richmond B. Keech, Corp. Counsel, and Milton D. Korman, Asst. Corp. Counsel, both of

---

[3] Code 1940, § 45—820.

Washington, D. C., on the brief), for appellant.

Leon L. Sclawy, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

This case was here once before, on defendant's appeal from a conviction of having refused to submit to an examination by the Health Officer when suspected of having a communicable disease. We held that the statute involved was constitutional and that the applicable health regulations promulgated by the D. C. Commissioners were reasonable; but we reversed the conviction on the the ground that the evidence was insufficient to establish guilt. In so doing we remanded the case "for further proceedings in accordance with this opinion," and our mandate was worded accordingly.[1]

After the case was returned to the trial court, defendant filed a written motion to dismiss on the ground that our opinion and mandate required the discharge of defendant from further prosecution. The corporation counsel opposed the motion and demanded that the case be set for trial. The trial court granted the motion to dismiss and the District of Columbia has brought that decision here for review.

The question is whether our decision on the first appeal required the termination of the prosecution or whether the District of Columbia was entitled to proceed with a retrial of the case. It will be noted at once that our decision constituted a reversal general in terms. We did not in so many words order a new trial but returned the case for "further proceedings in accordance with this opinion." The trial judge seemingly construed this to mean that the government was not entitled as of right to a retrial of the case and he demanded that it offer advance assurance as to what the evidence on the second trial would be, and that it would be sufficient to meet the criticisms we voiced of the evidence on the first trial. The judge pointed out that while no such test would be applied on an original prosecution, a different situation existed after reversal, and that to be permitted to proceed with the retrial the prosecutor must first disclose the substance of the new or additional evidence he expected to present. The assistant corporation counsel, while protesting that no such duty rested upon him, nevertheless outlined generally the type of evidence he expected to produce and which he assured the court would supply the deficiencies we had named in our opinion on the first appeal.

It must be remembered that we are not now dealing with evidence actually produced at a trial, for the judge refused to permit a trial. Had there been a new trial of the case the prosecutor would, of course, have made an opening statement. Had such opening statement been insufficient the trial judge would have been justified in dismissing the charge.[2] If evidence had been brought in which was no stronger than that on the first trial an acquittal would of necessity have followed, for our decision on the prior appeal had become the law of the case.[3] But we had not decreed a final judgment on the merits; if we had, our decision would have ordered defendant discharged. We had not said that it was impossible to prove defendant guilty by any kind or amount of evidence. Our decision was that the evidence was insufficient. That did not justify the court below in terminating the prosecution merely because the government could not or would not disclose in advance and in detail what its new evidence would be.[4]

We know from practical experience that a prosecutor is vested with important discretionary power—commensurate with the responsibilities of his office, to determine whether to proceed with a prosecution already begun, or to enter a nolle prosequi. The same is true of a retrial after reversal. Thus in many cases a reversal ends a prosecution even though the appellate court has not expressly ordered it. This is so because the prosecutor may feel that a defendant has already been punished enough, or because the nature of the charge is such as not to warrant a second prosecution, or because he feels he cannot secure sufficient evidence to support a conviction, or for other reasons which appeal to his sense of justice as a public servant.

[1] Huffman v. District of Columbia, D. C.Mun.App., 39 A.2d 558, 563.

[2] Horne v. Ostmann, D.C.Mun.App., 35 A.2d 174, and cases there cited.

[3] Farmer v. Atlantic Coast Line R. Co., D.C., E.D.S.C., 205 F. 319.

[4] Illinois Power & Light Corporation v. Hurley, 8 Cir., 49 F.2d 681.

504

 Much less power is in a trial court. When it receives a mandate on reversal and the terms of reversal are explicit, the trial judge has no function except to put such terms into execution.[5] Where, however, the reversal is general in terms and without express instructions, it ordinarily means that a new trial is to be had, for there is usually no other way of deciding the issues.[6]

 That seems to be why it has been repeatedly held that upon a reversal with general directions the case stands in the trial court in the same position as if no trial had been held;[7] and that in civil cases pleadings can be amended or new ones filed, new issues framed, and a completely new trial will result,[8] subject only to the restriction that the new proceedings shall not be inconsistent with the opinion of the appellate court.

Such being the rule in civil cases there seems to be no sound reason for applying it differently in criminal prosecutions. Indeed the Supreme Court has held, at least twice, that when a defendant has been convicted of a lesser offense than that for which he was indicted, and appeals from the conviction and secures a reversal, he may still be tried anew, and be prosecuted for the greater offense on the second trial. Trono v. United States, 199 U.S. 521, 26 S.Ct. 121, 50 L.Ed. 292, 4 Ann.Cas 773; Brantley v. State of Georgia, 217 U.S. 284, 30 S.Ct. 514, 54 L.Ed. 768. In the Trono case the Supreme Court said [199 U.S. 521, 26 S.Ct. 124]:

" * * * the reversal of the judgment of conviction opens up the whole controversy, and acts upon the original judgment as if it had never been. The accused, by his own action, has obtained a reversal of the whole judgment, and we see no reason why he should not, upon a new trial, be proceeded against as if no trial had previously taken place."[9]

We rule that the trial judge acted erroneously in entering his order dismissing the information. We must reverse such order with instructions to overrule the motion to dismiss, and to grant the motion of the District of Columbia to set the case for trial.

Reversed.

5 Farmer v. Atlantic Coast Line R. Co., supra.

6 Power Building & Loan Ass'n v. Ajax Fire Ins. Co., 112 N.J.L. 193, 170 A. 18; Rousseau v. Rosche, 158 Wash. 310, 290 P. 806.

7 Wilson v. Newburgh, 42 App.D.C. 407.

8 Hawkins v. Cleveland, C. C. & St. L. Ry. Co., 7 Cir., 99 F. 322; Madden Furniture v. Metropolitan Life Ins. Co., 5 Cir., 127 F.2d 837; Commercial Nat. Bank in Shreveport v. Parsons, 5 Cir., 144 F.2d 231; Atchison, T. & S. F. Ry. Co. v. Superior Court in and for Contra Costa County, 12 Cal.2d 549, 86 P.2d 85; United States Fidelity & Guaranty Co. v. Clarke, 187 Ga. 774, 2 S.E.2d 608; Fisher v. Burks, 285 Ill. 290, 120 N.E. 768; Horton v. Louisville & N. R. Co., 199 Ky. 279, 250 S.W. 983; Parish v. County Fire Ins. Co. of Philadelphia, 137 Neb. 385, 289 N.W. 765; Sperry's Estate v. Sperry, 189 Miss. 321, 196 So. 653; Wood v. Reed, Okl., 144 P.2d 108; Ross v. Robinson, Or., 147 P.2d 204; Butler Bros. v. Mason, 52 S.D. 349, 217 N.W. 510; Seymour State Bank v. Rettler, 166 Wis. 450, 166 N.W. 40.

9 See also, United States v. Gonzales, (D.C., W.D.Wash.) 206 F. 239; Carbonell v. People of Porto Rico, 1 Cir., 27 F.2d 253; Perdue v. State, 134 Ga. 300, 67 S.E. 810; Hoskins v. Commonwealth, 152 Ky. 805, 154 S.W. 919; Bell v. State, 149 Miss. 745, 115 So. 896; Clarence v. State, 89 Neb. 762, 132 N. W. 395; In re Somers, 31 Nev. 531, 103 P. 1073, 24 L.R.A.,N.S., 504, 135 Am. St.Rep. 700; Watson v. State, 26 Okl. Cr. 377, 224 P. 368; Duncan v. State, 41 Okl.Cr. 89, 270 P. 335; State v. Ash, 68 Wash. 194, 122 P. 995, 39 L.R.A., N.S., 611.